**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Edward Allen YEREB, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 29, 1997.

Filed Dec. 15, 1997.

Raymond H. Bogaty, Grove City, for appellant.

James P. Epstein, District Attorney, Hermitage, for the Commonwealth, appellee.

Before KELLY, HUDOCK and BROSKY, JJ.

HUDOCK, Judge:

This is an appeal from the judgment of sentence following a non-jury trial in which Edward Allen Yereb (Appellant) was found guilty of driving while under suspension, driving under the influence (DUI) related.[1] Appellant was sentenced to ninety days imprisonment and assessed a $1,000.00 fine. We affirm.

1. 75 Pa.C.S.A. § 1543(b).

The facts and procedural history of this case can be summarized as follows: Sometime before Monday, May 13, 1996, an unnamed informant complained to the Chief of Police of the Southwest Mercer County Regional Police Department that Appellant had been driving while his license was suspended. Before acting on this tip, someone in the department checked the information in the computer. After verifying that the driver's license was suspended, the chief gave this information, including a description of the vehicle, its plate number and Appellant's description, to Officer Jon Christopher Rococi (Officer Rococi).

While on traffic patrol within his jurisdiction, Officer Rococi noticed Appellant driving a vehicle which fit the description his chief had given to him and proceeded to stop the vehicle. During the stop, Appellant produced registration and insurance cards, but failed to produce a driver's license. At that point, Officer Rococi once again verified that Appellant's license had been suspended. Therefore, Officer Rococi issued a citation under section 1543(b) of the Vehicle Code for driving while under suspension, DUI related.

Appellant first appeared before a district justice, where he was convicted. He then appealed to the Court of Common Pleas. There, he was again convicted after the validity of the traffic stop was upheld. This timely appeal followed.

As a preliminary matter, we note Appellant's non-compliance with our rules of appellate procedure. Appellant has not provided us with a "Statement of the Scope and Standard of Review," as required by Pa.R.A.P. 3518, 42 Pa.C.S.A. While not fatal to Appellant's appeal, this omission weakens the strength of his brief and makes this Court's review more difficult.

Appellant presents two questions for our review:

I. WHETHER THE CONVICTION OF THE DEFENDANT FOR A VIOLATION OF 75 PA.C.S.A. 1543(b) [sic], DRIVING DURING SUSPENSION DUI RELATED, CAN BE SUSTAINED BASED UPON THE RECORD WHEN

THE FACTS INDICATE APPEL-LANT'S DRIVING PRIVILEGES WERE UNDER SUSPENSION AS A HABITUAL OFFENDER AND NOT DUI RELATED?

II. WHETHER THE STOP OF THE VEHICLE OPERATED BY THE APPELLANT WAS VALID?

Appellant's Brief at 3.

 Our scope of review of a trial *de novo* is limited to a determination of whether the trial court's findings of fact are supported by competent evidence and/or whether an error of law was committed. Absent a manifest abuse of discretion, we shall not disturb the findings of the trial court. *Commonwealth v. Dasilva*, 440 Pa.Super. 291, 295–97, 655 A.2d 568, 571 (1995).

When reduced to its essential elements, Appellant's first contention is that he was charged under the wrong section of the Vehicle Code. Thus, he argues, his ability to defend the citation was prejudiced. Pa. R.Crim.P. 90, 42 Pa.C.S.A.; *Commonwealth v. Cohen*, 413 Pa.Super. 460, 463–65, 605 A.2d 814, 816 (1992). Unfortunately for Appellant, his argument is based on a faulty interpretation of the subsection under which he was cited.

The pertinent provisions of 75 Pa.C.S.A. section 1543 are as follows:

§ 1543. **Driving while operating privilege is suspended or revoked**

(a) **Offense defined.**—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

(b) **Certain offenses.—**

(1) Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under the

influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

(2) This subsection shall apply to any person against whom one of these suspensions has been imposed whether the person is currently serving this suspension or whether the effective date of suspension has been deferred under any of the provisions of section 1544 (relating to additional period of revocation or suspension). This provision shall also apply until the person has had the operating privilege restored. This subsection shall also apply to any revocation imposed pursuant to section 1542 (relating to revocation of habitual offender's license) if any of the enumerated offenses was for a violation of section 3731.

75 Pa.C.S.A. § 1543(a), (b).

When Appellant was stopped, Officer Rococi ran his name through the computer. In doing so, Officer Rococi verified that Appellant's license had been suspended. Thus, he issued a citation to Appellant for a violation of 75 Pa.C.S.A. section 1543(b). Officer Rococi added a comment to the citation, indicating that it was a "DUI Related Suspension." Citation, 5/13/96.

 Appellant argues that this citation was facially incorrect on two counts: first, Officer Rococi did not indicate which part of subsection 1543(b) Appellant had violated, and second, Appellant's license had been suspended because he was a habitual offender, not a DUI offender. Neither of these arguments has any merit.

We cannot agree with Appellant's assertion that subsection 1543(b)(1) is a separate offense from subsection 1543(b)(2). A careful reading of the statute reveals that subsection 1543(b)(2) is merely a clarification of when the more severe penalty set forth in subsection 1543(b)(1) applies. The introductory language of subsection (b)(2) chosen by the legislature demonstrates this fact: "This subsection shall apply.... This provision

shall also apply...." The only other provision or subsection to which this language could possibly refer is subsection (b)(1). Importantly, subsection 1543(b)(2) does not state *any* penalty, while subsections (a) and (b)(1) both state separate penalties. This structure of the statute indicates that, had our legislature intended subsection (b)(2) to act as a separate offense, it would have indicated an appropriate penalty. Adopting Appellant's position would create the odd situation where the legislature has established an offense without a penalty. The legislature could not have intended such a result. *See* 1 Pa.C.S.A. § 1922(1); *Commonwealth v. Hagan*, 539 Pa. 609, 616, 654 A.2d 541, 545 (1995) ("in construing statutes, we presume the legislature did not intend an absurd result").

As to Appellant's argument that his habitual offender suspension was not DUI related, we similarly find no merit. The record reveals that the triggering offense for Appellant's five-year license suspension was a DUI violation. N.T., 1/3/97, at 10 & 11. Based on this fact, Officer Rococi simply noted on the citation that Appellant's section 1542 suspension was "DUI related." *See, e.g., Commonwealth v. Keene*, 445 Pa.Super. 286, 289–91, 665 A.2d 495, 497 (1995).

Importantly, Appellant does not demonstrate how these alleged errors on the face of the citation prejudiced his defense. While he contends that subsection (b)(2) somehow requires the prosecution to prove different elements from (b)(1), we disagree. As we have shown, *supra*, subsection (b)(2) merely qualifies subsection (b)(1). Thus, the prosecution is required to prove the same elements in each and every subsection 1543(b) prosecution. Therefore, we hold that the citation to subsection 1543(b) was specific enough to put Appellant on notice of what violation he would need to defend at trial and Appellant's first contention fails.

■ Second, Appellant contends that the traffic stop itself was illegal. As this Court has most recently stated: "A police officer is authorized to stop a vehicle and secure information necessary to enforce the Motor Vehicle Code if he has articulable and reasonable grounds to suspect a violation of the Code." *Commonwealth v. Arroyo*, 455 Pa.Super. 76, 79, 686 A.2d 1353, 1354 (1996).

■ In the instant case, the chief of police received an anonymous tip that Appellant was driving while his license was suspended. After this information was verified, the chief instructed Officer Rococi to watch for Appellant. The chief gave him a description of the car and Appellant, as well as the car's tag number. When Officer Rococi saw the car being driven by a person who fit the description of Appellant, he stopped him.

Appellant argues before this Court that the information given to Officer Rococi by his chief was unverified and thus, inadmissible hearsay. Therefore, he contends, the traffic stop itself was illegal. We cannot agree. Officer Rococi testified on both direct and cross-examination that the information about Appellant had been verified both before and after the traffic stop. N.T., 1/3/97, at 5 & 12. Appellant's real argument is that the Commonwealth never produced documentary evidence of the fact that the police ran the check before the traffic stop.

The problem with this argument is that evidence of the initial check was before the trial judge in the manner of Officer Rococi's testimony. We have never held that the Commonwealth must produce documentary evidence of such a check and decline to do so now. Instead, as we have noted on many occasions, "The credibility of witnesses and the weight to be accorded the evidence are matters within the province of the trier of fact, the fact finder is free to believe all, some or none of the evidence." *Commonwealth v. Herrick*, 442 Pa.Super. 412, 416, 660 A.2d 51, 53 (1995).

The trial judge's fourth finding of fact states: "Prior to stopping the defendant, all this information was run through the computer." Findings of Fact, 2/5/97, at 1. This statement clearly indicates that he believed the testimony of Officer Rococi. Since the verified information gave Officer Rococi reasonable and articulable suspicion to suspect a violation of the Vehicle Code, we hold that the traffic stop was legal.

Judgment of sentence affirmed.