1999 PA Super 19

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**David M. THARP, Appellee.**

Superior Court of Pennsylvania.

Submitted Oct. 19, 1998.

Filed Jan. 27, 1999.

Michael P. Toomey, Asst. Dist. Atty., Sunbury, for Commonwealth, appellant.

Edward C. Greco, Kulpmont, for appellee.

Before McEWEN, President Judge and STEVENS and TAMILIA, JJ.

STEVENS, J.:

¶ 1 In this case of first impression, we are asked to determine whether, under the December 12, 1994 amendments to the Vehicle Code,[1] a driver who is found to be a habitual offender due to three DUI convictions, and has had his license suspended as a result thereof, may be found guilty of violating 75 Pa.C.S.A. § 1543(b)(1) if he operates a motor vehicle after the expiration of his suspension but before his license is restored. The Court of Common Pleas of Northumberland County concluded that a driver may not be convicted pursuant to subsection 1543(b)(1) under such circumstances, and, therefore, the court reversed its prior order finding Appellee guilty and dismissed the sole charge. The Commonwealth filed a timely appeal contending that, within the reasonable bounds of statutory construction, Appellee was properly charged and convicted under subsection 1543(b)(1), and, therefore, the case should not have been dismissed. We reverse and remand for proceedings consistent with this opinion.

¶ 2 The relevant facts and procedural history are as follows: On June 21, 1997, Pennsylvania State Police Trooper James McCor-

mick responded to a dispatch that a vehicle was improperly obstructing a driveway. As he was responding, Trooper McCormick observed a brown Ford Bronco pushing a disabled Mercury. Trooper McCormick activated his police crusier's lights, stopped the vehicles, and asked Appellee, the driver of the Ford Bronco, whether he had a driver's license. Appellee initially denied that he had a driver's license, but then he produced an expired license. Subsequently, Trooper McCormick requested Appellee's certified driving record from the Pennsylvania Department of Transportation (PennDOT). The certified driving record revealed that Appellee had violated the Vehicle Code on numerous occasions. In addition to several minor traffic violations, Appellee had three DUI convictions. Specifically, he was convicted of DUI on June 3, 1982, October 24, 1990, and January 31, 1991. Following the January 31, 1991 conviction, Appellee was found to be a habitual offender pursuant to 75 Pa.C.S.A. § 1542, and his license was revoked for a period of five years, revocation to commence on January 29, 1992. Although Appellee's five year revocation term expired on January 29, 1997, he failed to obtain restoration of his operating privileges before June 21, 1997, the date at issue.

¶ 3 On July 15, 1997, Appellee was cited for violation of 75 Pa.C.S.A. § 1543(b)(1), driving while one's operating privilege is suspended or revoked, and, following a bench trial *de novo* before the court of common pleas, Appellee was convicted. However, at the end of the trial, the trial judge agreed to "take the matter under advisement," and, on March 5, 1998, he entered the order at issue. The trial judge reversed his prior finding that Appellee was guilty and dismissed the case because he determined that Appellee was improperly cited for violation of 75 Pa. C.S.A. § 1543(b)(1) and that Appellee should have been cited for violation of 75 Pa.C.S.A. § 1543(a). This timely appeal by the Commonwealth followed.

¶ 4 On appeal, the Commonwealth contends that the trial court erred in concluding that Appellee was improperly charged and convicted under 75 Pa.C.S.A. § 1543(b)(1).

1. 75 Pa.C.S.A. § 101 *et seq.*

Specifically, the Commonwealth avers that where a driver is found to be a habitual offender due to three DUI convictions, and his license is suspended as a result thereof, the driver is guilty of violating Section 1543(b)(1) if he operates a motor vehicle any time before his license is restored, including the time between the expiration of his suspension and restoration of his license.

¶ 5   In determining the issue presented to this Court, it is necessary for us to analyze 75 Pa.C.S.A. § 1543, which was amended on December 12, 1994, effective in nine months,[2] and which provides the following:

**(b) Certain offenses.-**

(1) Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731(relating to driving while under the influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

(2) This subsection shall apply to any person against whom one of these suspensions has been imposed whether the person is currently serving this suspension or whether the effective date of suspension has been deferred under any of the provisions of section 1544 (relating to additional period of revocation or suspension). *This provision shall also apply until the person has had the operating privilege restored. This subsection shall also apply to any revocation imposed pursuant to section 1542(relating to revocation of habitual offender's license) if any of the enumerated offenses was for a violation of section 3731.*

75 Pa.C.S.A. § 1543(b)(1), (2) (emphasis added).

¶ 6   Based on the express, unambiguous language of Section 1543(b), and supporting case law, we hold that (1) a driver who operates a motor vehicle while his license is suspended due to his status as a habitual offender, DUI related, may be cited under subsection 1543(b)(1), even though the language referring to habitual offender suspensions is found in subsection 1543(b)(2), and (2) the penalties found in subsection 1543(b)(1) may be imposed if the driver operates a motor vehicle after the expiration of his habitual offender suspension but before the restoration of his license.

¶ 7   The clear, unambiguous language of subsection 1543(b)(2) provides that "[t]his subsection shall also apply to any revocation imposed pursuant to section 1542 (relating to revocation of habitual offender's license) if any of the enumerated offenses was for a violation of section 3731 [relating to DUI]." Here, Appellee was found to be a habitual offender as a result of three DUI convictions. As such, it is clear that he was subject to subsection 1543(b)(2).   However, Appellee argues that this finding does not automatically require the conclusion that he was subject to the penalties under subsection 1543(b)(1) or that he could be cited under subsection 1543(b)(1) only.   We disagree.

¶ 8   In *Commonwealth v. Yereb*, 705 A.2d 439 (Pa.Super.1997), the appellant, who was found to be a DUI related habitual offender, and who drove while his license was suspended as a result thereof, was cited for and convicted of violating Section 1543(b).   On appeal, the appellant argued that he could not be cited under Section 1543(b) generally, but that he had to be cited specifically under 1543(b)(2) for driving while his license was suspended as a habitual offender.   In reviewing the issue, this Court analyzed subsections 1543(b)(1) and (b)(2), as amended, and determined that under the circumstances presented it was proper for the police officer to cite the appellant for violating Section 1543(b) generally.   Specifically, we stated the following:

We cannot agree that appellant's assertion that subsection 1543(b)(1) is a separate offense from subsection 1543(b)(2).   A careful reading of the statute reveals that

2.   The 1994 amendments added subsection (b)(2).

subsection 1543(b)(2) is merely a clarification of when the more severe penalty set forth in subsection 1543(b)(1) applies. The introductory language of subsection (b)(2), chosen by the legislature, demonstrates this fact: "This subsection shall apply....This provision shall also apply...." The only other provision or subsection to which this language could possibly refer is subsection (b)(1). Importantly, subsection 1543(b)(2) does not state any penalty, while subsections (a) and (b)(1) both state separate penalties. This structure of the statute indicates that, had our legislature intended subsection (b)(2) to act as a separate offense, it would have indicated an appropriate penalty.

*Yereb*, 705 A.2d at 441.

¶ 9 Applying the principles enunciated in *Yereb*, we find that it was proper for Appellee to be cited under subsection 1543(b)(1) rather than (b)(2). As was indicated in *Yereb*, subsections (b)(1) and (b)(2) are not separate offenses and the penalties provided for a violation of either subsection (b)(1) or (b)(2) are provided for in subsection (b)(1). Therefore, in order to impose a criminal penalty for violation of any of the subsections of Section 1543(b), it is proper for the defendant to be charged under subsection (b)(1). Appellee's argument to the contrary is meritless.

¶ 10 Finally, having found that Section 1543(b)(1) is applicable, we must determine whether the provision permits the filing of a citation where a driver operates a motor vehicle after the expiration of his suspension as a habitual offender but before the restoration of his license. In making this determination, it is unnecessary for us to look any further than at the clear, unambiguous language of subsection 1543(b)(2), which specifically provides that "[t]his provision shall also apply until the person has had the operating privilege restored."[3] 75 Pa.C.S.A. § 1543(b)(2). Based on this express language, we conclude that Appellee, who operated a vehicle after the expiration of his

suspension as a habitual offender, DUI related, but before the restoration of his license, was properly cited for violation of 75 Pa. C.S.A. § 1543(b)(1). As such, the trial court clearly erred in reversing its finding of guilt and dismissing the charge on this basis.[4] Therefore, we reinstate the finding of guilt and remand for proceedings consistent with this opinion.

¶ 11 Order reversed; case remanded for proceedings consistent with this opinion; jurisdiction relinquished.

---

**3.** As noted in *Yereb*, "this provision" refers to subsection 1543(b)(1).

**4.** In its opinion, the trial court indicated that Appellee should have been charged with viola-

tion of subsection 1543(a). However, as discussed *supra*, Appellee was properly charged under subsection 1543(b)(1). The trial court's contention to the contrary is incorrect.