COMMONWEALTH of Pennsylvania, Appellee,

v.

**Joseph J. DOWNS, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 9, 1999.

Filed Sept. 21, 1999.

Lawrence R. Burns, Greensburg, for appellant.

James R. Hopson, Asst. Dist. Atty., Greensburg, for Com., appellee.

Before JOHNSON, FORD ELLIOTT and MONTEMURO *, JJ.

* Retired Justice assigned to Superior Court.

MONTEMURO, J.:

¶ 1 This is an appeal from the judgment of sentence of 90 days imprisonment imposed after Appellant, Joseph J. Downs, was found guilty, following a trial *de novo*, of driving while his license was under suspension, DUI-related, in violation of 75 Pa.C.S.A. § 1543(b). Appellant's sole argument on appeal is that he cannot be found guilty of driving while under suspension, DUI-related, because the underlying suspension period had expired prior to his commission of the instant offense. We disagree and affirm the judgment of sentence.

¶ 2 On May 6, 1996, Appellant was stopped for speeding. Upon receipt of his certified driving record, the arresting officer filed a § 1543(b) citation with the local magistrate, and on January 13, 1997, Appellant was found guilty. He appealed this conviction and a trial *de novo* was conducted. Mistakenly believing that his conviction was a final and appealable order, Downs filed a direct appeal which this court quashed. *Commonwealth v. Downs*, 726 A.2d 1077 (Pa.Super.1998) (unpublished memorandum filed September 1, 1998). Judgment of sentence was imposed November 16, 1998,[1] and this timely appeal followed.

¶ 3 Appellant argues that the trial court erred in finding him guilty because (1) the period of suspension on the underlying DUI conviction of March 26, 1986, had expired by the time of his May 6, 1998 arrest; and (2) the reasons that his driving privileges were not restored were unrelated to the DUI suspension. He contends that his 1986 DUI suspension expired one year later, and his license has yet to be restored as a result of subsequent non-DUI related suspensions. It is his position, therefore, that at the time of the 1998 offense, his license was not under suspension because of a DUI-related offense, and

the court erred in convicting him of violating 75 Pa.C.S.A. § 1543(b).

¶ 4 Appellant's certified driving record indicates that effective June 30, 1982, he received an indefinite suspension of his driving privileges and surrendered his license to the state. Beginning in August, 1983, with convictions for reckless driving and driving while under suspension for which, respectively, he received license suspensions of 15 days and 6 months, Appellant received a further series of suspensions for various offenses. On March 26, 1986, he was charged with driving while intoxicated and driving while his license was suspended or revoked, and, on December 6, 1986, he was convicted of driving while under the influence. As a result, effective January 7, 1987, his license was revoked for a period of one year. On January 7, 1988, Appellant's license was again suspended for six months for driving while under suspension. This abysmal driving pattern continued, and Appellant received four more consecutive suspensions, resulting in suspension of his driving privileges until October 7, 2002. Thus, Appellant has not possessed a driver's license since he surrendered it on June 30, 1982.

¶ 5 Sections 1543(b)(1) and (2) state:

(1) Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

---

1. Appellant's commitment to a correctional facility to serve his sentence was deferred

pending resolution of his appeal.

(2) This subsection shall apply to any person against whom one of these suspensions has been imposed whether the person is currently serving this suspension or whether the effective date of suspension has been deferred under any of the provisions of section 1544 (relating to additional period of revocation or suspension). *This provision shall also apply until the person has had the operating privilege restored.* This subsection shall also apply to any revocation imposed pursuant to section 1542 (relating to revocation of habitual offender's license) if any of the enumerated offenses was for a violation of section 3731.

75 Pa.C.S.A § 1543(b)(1), (2) (emphasis added).

¶ 6 The plain meaning of the statute is that a driver who has had his operating privileges suspended as a result of a DUI-related offense, and who has not had his driver's license restored, is subject to the penalties of section 1543(b)(1). Our Court has recently confirmed this interpretation of the statute. In *Commonwealth v. Tharp*, 724 A.2d 368 (Pa.Super.1999), we held that a driver who operates a vehicle after the expiration of his suspension as a habitual offender, but before the restoration of his license, shall be found guilty of having violated § 1543(b)(1).[2] Although not factually on point, this case supports our conclusion that Appellant was properly prosecuted under § 1543(b), subjecting him to the related penalties. The fact that suspensions subsequent to the 1986 DUI-related offense were not DUI-related is of no import.

¶ 7 Based on this reasoning, we find Appellant's arguments devoid of merit and affirm the judgment of sentence.

¶ 8 Judgment of sentence affirmed.

**2.** Section 1543(b)(2) is merely a clarification of when the more severe penalty contained in § 1543(b)(1) applies.