**Angela Lynne ROSSI**

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 8, 2002.

Decided April 29, 2002.

Reconsideration En Banc Denied June 17, 2002.

Timothy P. Wile and Harold H. Cramer, Harrisburg, for appellant.

J. Dwight Yoder, Lancaster, for appellee.

BEFORE: COLINS, President Judge, and COHN, Judge, and MIRARCHI, Senior Judge.

OPINION BY President Judge COLINS.

The Department of Transportation, Bureau of Driver Licensing appeals from an order of the Court of Common Pleas of Lancaster County that sustained Angela

Lynn Rossi's appeal of the Bureau's one-year suspension of her operating privilege. The Bureau imposed the suspension pursuant to Section 1543(c)(1) of the Vehicle Code, 75 Pa.C.S. § 1543(c)(1), for Rossi's violation of Section 1543(a) of the Vehicle Code, 75 Pa.C.S. § 1543(a),[1] driving while operating privilege suspended or revoked. We affirm the trial court.

Rossi's operating privilege was suspended for 15 days effective August 31, 1999 for a speeding violation that occurred on March 11, 1999. An additional 15–day suspension, effective September 15, 1999, was added to that suspension for a stop sign violation that occurred on June 22, 1999. Rossi was stopped and cited for driving while her operating privilege was suspended or revoked on November 18, 1999. Rossi's appeal of her summary conviction of that offense was sustained by the Court of Common Pleas of Lancaster County. This appeal followed.

At the hearing on her statutory appeal Rossi testified that she surrendered her license prior to August 31, 1999, and that she did not operate a motor vehicle during the period from August 31, 1999 through September 30, 1999. It was her understanding that her operating privilege was automatically restored following the statutory period of suspension. The Bureau claims that Rossi's operating privilege was still suspended on November 18, 1999 because she had not complied with the Bureau's administrative process and paid a $25.00 restoration fee.

The question we are asked to determine is whether a motorist's operating privilege remains suspended after a time-certain period of suspension where a motorist has not complied with the Bureau's administrative process of restoration.

We addressed this issue in our decisions in *Department of Transportation, Bureau of Driver Licensing v. Manuel,* 119 Pa.Cmwlth. 264, 546 A.2d 1336 (1988), *petition for allowance of appeal denied,* 521 Pa. 624, 557 A.2d 727 (1989) and *Caruso v. Department of Transportation,* 125 Pa.Cmwlth. 54, 557 A.2d 54 (1989), *petition for allowance of appeal denied,* 525 Pa. 588, 575 A.2d 117 (1990). Our holding in each of these cases is that a period of suspension or revocation must end on the date certain determined by the length of the statutorily specified suspension.[2] Applying these cases to the one before us Rossi would not be guilty of driving while her operating privilege was suspended because her privileges were restored by operation of law when her suspension ended on September 30, 1999. The Bureau, however, claims that the General Assembly

---

1. **1543. Driving while operating privilege is suspended or revoked**

    (a) **Offense defined.**—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.
    . . .
    (c) **Suspension or revocation of operating privilege.**—Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:

    (1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, and had not been restored, the department shall suspend the person's operating privilege for an additional one-year period.

2. Our original holding was in *Manuel.* We issued our decision in *Caruso* on reconsideration to bring it into accord with *Manuel.*

amended Section 1543(c)(1) in 1994[3] in response to *Manuel* and *Caruso* by adding the phrase "and had not been restored" to Section 1543(c)(1) to bring it into accord with this similar language from Section 1543(a): "and before the operating privilege has been restored." In its brief the Bureau tells us that the legislature inserted this language into Section 1543(c)(1)

> to expand the period where drivers convicted of violating Section 1543 would be liable for additional periods of suspension or revocation of their operating privileges from that outlined in *Manuel* and *Caruso* to also include those periods of time after a driver had served a time certain suspension up until the driver had completed the steps necessary for a restoration of operating privileges.

Appellant's brief at 18.

The disingenuousness, if not outright dishonesty of this assertion is clearly demonstrated by the fact that the addition of "and had not been restored" to Section 1543(c)(1) does not in any way affect this statement that we made in *Manuel*:

> By delineating in Section 1543(a) that driving "before the operating privilege had been restored" the legislature clearly intended that such action would be penalized. However, the onset and expiration dates of suspension and revocation periods must still be recognized.

*Manuel*, 546 A.2d at 1337.

Thus, in *Manuel* we specifically find that the existence in the statute of the phrase "before the operating privilege has been restored" does not change the fact that the "onset and expiration dates of suspension and revocation periods must still be recognized." If the General Assembly did not agree with this clearly stated interpretation of its words and wanted to expand

periods of revocation and suspension it would not do that by using language that we had already interpreted as having no effect on statutorily prescribed periods of suspension. We do not know why this phrase was inserted into the statute but it was not put there to change the effect of anything we said in *Manuel* or *Caruso*.

■ The fact that Rossi was not in physical possession of her driver's license when she was stopped on November 18, 1999 is not relevant to the question of whether she possessed the privilege of operating a motor vehicle on that date. The physical possession of a driver's license does not confer such a privilege on a motorist whose privilege has been suspended or revoked any more than the failure to physically possess a license strips an otherwise qualified motorist of that privilege. Section 1511(a) of the Vehicle Code, 75 Pa.C.S. § 1511(a), requires a motorist to carry a valid driver's license while operating a motor vehicle and to produce that license at the request of a police officer:

**1511. Carrying and exhibiting driver's license on demand**

**(a) General rule.**—Every licensee shall possess a driver's license issued to the licensee at all times when driving a motor vehicle and shall exhibit the license upon demand by a police officer, and when requested by the police officer the licensee shall write the licensee's name in the presence of the officer in order to provide identity.

However, Section 1511(b) specifically provides that penalties for violating the statute, if any, shall be limited:

**(b) Production to avoid penalty.**—No person shall be convicted of violating this section or section 1501(a) (relating

---

**3.** *Manuel* was decided in 1988, *Caruso* in 1989. If what the Bureau says is true, we are left to wonder why the General Assembly waited five years to address this issue.

to drivers required to be licensed)[4] if the person:

(1) produces at the headquarters of the police officer who demanded to see the person's license, within 15 days of the demand, a driver's license valid in this Commonwealth at the time of the demand; or

(2) if a citation has been filed, produces at the office of the issuing authority, within 15 days of the filing of the citation, a driver's license valid in this Commonwealth on the date of the citation.

There is no penalty for driving a vehicle while not carrying a driver's license if a person possesses the privilege to operate a motor vehicle in the Commonwealth at the time and can produce a valid license within 15 days. Section 1511(b) specifically prohibits an issuing authority from convicting a motorist found in violation Section 1511(a) of violating Section 1502(a). By drafting Section 1511(b) in this way the General Assembly has made a clear and unambiguous distinction between physically carrying a driver's license and possessing the privilege to operate a motor vehicle.

 Rossi did not physically possess a driver's license when she was stopped on November 18, 1999, but she did possess a valid privilege to operate a motor vehicle in the Commonwealth on that date; she could not, therefore, have been operating a motor vehicle in violation of Section 1543(a). In so finding we reaffirm our holding expressed in *Manuel* and *Caruso* that suspensions and revocations of operating privileges are limited to the time-cer-

tain periods of those suspensions and revocations.

Accordingly, we affirm the order of the Court of Common Pleas of Lancaster County in this matter.

### ORDER

AND NOW, this 29th day of April 2002, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is hereby affirmed.

---

4. **Section 1501. Drivers required to be licensed.**

   **(a) General rule.**—No person, except those expressly exempted, shall drive any motor vehicle up on a highway or public property in this Commonwealth unless the person has a driver's license valid under the provisions of this chapter.