COMMONWEALTH OF
PENNSYLVANIA,
Appellee,

v.

Jonathan C. BYRNE, Appellant.

Superior Court of Pennsylvania.

Submitted June 3, 2002.

Filed Dec. 10, 2002.

Deborah Lux, Public Defender, Belle-
fonte, for appellant.

Lance T. Marshall, Assistant District
Attorney, Bellefonte, for Com.

Before: MUSMANNO, POPOVICH and
CAVANAUGH, JJ.

POPOVICH, J.:

¶ 1 Jonathan C. Byrne was granted pan-
el reconsideration of the affirmance of the
judgment of sentence (90 days in jail and a
$1,000 fine) for operating his motor vehicle
(a "moped") when his driving privileges
had yet to be restored in violation of 75
Pa.C.S.A. § 1543(b).[1] We affirmed the
judgment of sentence on sufficiency of evi-
dence grounds, which is not challenged in
Appellant's "Application for Reconsidera-
tion." *Commonwealth v. Byrne*, No.2008
MDA 2001, J–S47024/02 (filed on August 5,
2002). Thus, the sole issue for our review
centers upon statutory construction of Sec-
tion 1543.

¶ 2 In particular, Appellant seeks to
have his sentence vacated consistent with
the Commonwealth Court's decision in
*Rossi v. Com., Dept. of Trans.*, 798 A.2d
801 (Pa.Cmwlth.2002), which held that, de-
spite Rossi's failure to comply with the
restoration requirements prescribed by
PennDOT to secure reinstatement of her
license, on the date Appellee was cited for
driving while her operating privileges were
suspended "she did possess a valid privi-
lege[, albeit not a license,] to operate a
motor vehicle in the Commonwealth on
that date; she could not, therefore, have
been operating a motor vehicle in violation
of Section 1543(a)." *Id.* at 804.

¶ 3 Further, *Rossi* concluded that an
operator could not be guilty of violating
Section 1543(a)(operating a vehicle while
license is suspended) because the opera-
tor's driving privileges were "restored by
operation of law" once the suspension peri-
od ended. We disagree.

1. We note that 75 Pa.C.S.A. § 1543(b) was
amended by 2002 Oct. 4 P.L. 845, No. 123

§ 3. These amendments do not affect the dis-
position of this case.

¶ 4 This Court held in *Commonwealth v. Tharp,* 724 A.2d 368 (Pa.Super.1999), that, notwithstanding the expiration of the period of suspension, an operator shall "seek restoration" of his suspended license to avoid violating Section 1543(b)(2). Tharp's failure to do so resulted in a reversal of the trial court's dismissal of his conviction under Section 1543(b). Also, we ruled that PennDOT's restoration requirements must be complied with to avoid contravening Section 1543, even in the face of satisfying the suspension period.

¶ 5 Accordingly, we are not persuaded by *Rossi's* interpretation of the language appearing in Section 1543(a): " ... any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the ... suspension, revocation ... of the operating privilege *and before the operating privilege has been restored* is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200. As amended December 21, 1998, P.L. 1126, No. 151 § 18, 75 Pa.C.S.A. § 1543(a) (Supp.2002) (Emphasis added).

¶ 6 *Rossi* concludes that, once the period of suspension has run its course, an operator may not be in violation of Section 1543(a) because the operator's license is "restored by operation of law" when the suspension period expires. We find *Rossi* to be unpersuasive. *Commonwealth v. Lewis,* 718 A.2d 1262, 1265 n. 10 (Pa.Super.1998), *allocatur denied,* 558 Pa. 629, 737 A.2d 1224 (1999) (Superior Court need not be bound by Commonwealth Court decisions).

¶ 7 We hold that *Tharp* gives the correct interpretation to similar language appearing in Section 1543(b), which reads:

(1) Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked ... shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

(2) ... This provision shall [ ... ] apply until the person has had the operating privilege restored ....

As amended December 21, 1998, P.L. 1126, No. 151 § 18 (Supp.2002), 75 Pa.C.S.A. § 1543(b)(1), (2) (Emphasis added).

¶ 8 *Tharp* requires a person whose license is suspended to seek restoration of his driving privileges, anything short of such an accomplishment will subject the operator to the penalties associated with violating Section 1543 despite the expiration of the license suspension period during the time of operation.

¶ 9 In light of the express language of Section 1543(b)(2), and giving it a common sense reading not at odds with the intent of the Legislature, we conclude that Appellant, who operated a vehicle after the expiration of his suspension—DUI related but before the restoration of his license, was cited properly for violation of 75 Pa.C.S.A. § 1543(b).

¶ 10 Judgment of sentence affirmed.