**David H. MEADE, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 11, 2002.

Decided Dec. 10, 2002.

---

11. 28 U.S.C. § 1915.

No appearance entered on behalf of petitioner.

Terrance M. Edwards, Harrisburg, for respondent.

BEFORE: FRIEDMAN, J.,
SIMPSON, J., and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Before the Court are the preliminary objections of the Department of Transportation, Bureau of Driver Licensing (Bureau), to an action for declaratory judgment and injunctive relief filed by David H. Meade, a *pro se* litigant. For the reasons that follow, we sustain the Bureau's preliminary objections and dismiss Meade's petition.

On October 16, 1997, Meade was convicted of driving under the influence of alcohol (DUI), a violation of Section 3731(a)(1) of the Vehicle Code (Code), 75 Pa.C.S. § 3731(a)(1), for an offense that occurred on May 31, 1993. By official notice dated November 10, 1997, the Bureau advised Meade that as a result of his DUI conviction, his operating privilege was being suspended pursuant to Section 1532(b) of the Code, 75 Pa.C.S. § 1532(b), for a period of one year, effective December 15, 1997.

Meade appealed the suspension to the common pleas court. On March 25, 1999, the common pleas court entered an order of withdrawal of Meade's appeal. On April 13, 1999, Meade appealed the common pleas court's order to this Court, but did not seek a stay of the suspension. On August 16, 1999, this Court dismissed Meade's appeal due to his failure to file a brief in a timely manner. Meade did not seek reconsideration or appeal from that order.

By official notice dated April 14, 1999, DOT notified Meade that his operating privilege would be suspended beginning May 19, 1999 as a result of his October 16, 1997 DUI conviction. Meade, however, never surrendered his license to the Bureau.

Rather, on May 17, 2002, Meade filed in this Court a "Petition for Review in the Form of a Complaint for Declaratory Judgment and a Prayer for Injunctive Relief" (Complaint) seeking a declaration that his operating privilege was restored by operation of law, as well as injunctive relief enjoining the Bureau from enforcing its suspension of Meade's operating privilege and directing that said privilege be reinstated pending the outcome of the Complaint. Meade also alleges that Section 1541(a) of the Code, 75 Pa.C.S. § 1541(a), violates his right to equal protection of the laws and is unconstitutionally vague on its face.

The Bureau filed preliminary objections asserting that Meade does not have a clear right to either the declaratory judgment or the injunctive relief he requested inasmuch as: (a) he failed to comply with Section 1541 of the Code, 75 Pa.C.S. § 1541, by failing to surrender either his driver's license or an affidavit in lieu thereof; and (b) he failed to exhaust his administrative remedies by failing to seek credit through an administrative hearing under 67 Pa.Code §§ 491.1—491.13. The Bureau further asserts that Meade has failed to state a claim with respect to his argument that Section 1541(a) of the Code is unconstitutionally vague on its face or that it violates his right to equal protection of the laws.

In his response to the Bureau's preliminary objections, Meade requests that this Court declare that his operating privilege has been restored by operation of law because the statutorily-prescribed, one-year period of the suspension contained in the Bureau's notice of suspension has passed. In support of his position, Meade cites *Rossi v. Department of Transportation,*

*Bureau of Driver Licensing,* 798 A.2d 801 (Pa.Cmwlth.2002), where this Court recognized that where the statutorily-prescribed period of suspension of the licensee's operating privilege had expired, the licensee's operating privilege was no longer under suspension even if the licensee had not paid a $25.00 restoration fee.

Meade also cites *Rossi* in support of his equal protection argument. Meade claims that Section 1541 of the Code, which provides that no credit for a suspension shall be given until the license is surrendered, results in some licensees' operating privileges being suspended for longer periods of time than others.

 In ruling on preliminary objections, this Court must accept as fact all well-pleaded material allegations, as well as all inferences that can be reasonably deduced therefrom. *Envirotest Partners v. Department of Transportation,* 664 A.2d 208 (Pa.Cmwlth.1995). However, we need not accept as true conclusions of law, argumentative allegations or expressions of opinion. *Id.* In order to sustain preliminary objections, it must be clear that the law will not permit recovery and if any doubt exists, the objections should not be sustained. *Id.*

### I.

We will first examine the Bureau's preliminary objection asserting that Meade has no clear right to either the declaratory judgment or the injunctive relief he requested because he has failed to comply with the requirement in Section 1541(a) of the Code that he surrender his driver's license to the Bureau in order for the period of suspension to commence. Section 1541(a) provides:

**(a) Commencement of period.**—The period of disqualification, revocation or suspension of the operating privilege . . .

shall commence as provided for in section 1540 (relating to surrender of license). *No credit toward the revocation, suspension or disqualification shall be earned until the driver's license is surrendered to the department, the court or the district attorney, as the case may be* . . . . If a licensed driver is not in possession of his driver's license, no credit toward the disqualification, revocation or suspension shall be earned until a sworn affidavit or a form prescribed by the department is surrendered to the department swearing that the driver is not in possession of his driver's license. Such credit shall be rescinded if it is later determined that the driver was untruthful in the affidavit. Credit shall also be revoked if a person surrenders a duplicate license and it is later determined that the person was still in possession of an earlier issued, unexpired license . . . .

75 Pa.C.S. § 1541(a) (emphasis added).

In the present case, it is an undisputed fact that Meade never surrendered his driver's license as required by Section 1541(a). In *Swoyer v. Department of Transportation,* 156 Pa.Cmwlth. 1, 626 A.2d 1247 (1991), this Court rejected a licensee's argument that he was entitled to eleven months' credit where he did not surrender his license. In *Swoyer,* we noted that the licensee's physical surrender of the license "prescribes the method of computation by which termination of the suspension is established." *Id.* at 1251.

Moreover, our decision in *Rossi* did not relieve the licensee of his obligation under Section 1541(a) of the Code to surrender his license in order for the period of suspension to commence. In *Rossi,* this Court noted that the licensee testified in her statutory appeal that she surrendered her license prior to August 31, 1999 and that she did not operate a motor vehicle

during the period of August 31 through September 30, 1999, thereby serving her two fifteen-day suspensions.

Nowhere in *Rossi* does this Court state or even imply that a licensee need no longer comply with the Section 1541(a) requirement that he surrender his license to the Bureau in order to receive credit for serving the suspension. Rather, we determined in *Rossi* that inasmuch as the licensee had surrendered her license prior to the effective date of her two consecutive fifteen-day suspensions, those suspensions expired thirty days later by operation of law, regardless of whether the licensee had paid a $25.00 restoration fee.

Consequently, Meade's reliance on *Rossi* for the proposition that he did not need to surrender his license as required by Section 1541(a) is clearly misplaced. We therefore conclude that Meade is not entitled to either the declaratory judgment or the injunctive relief he requested. Hence, we sustain the Bureau's preliminary objection to that effect.[1]

II.

■ We will next address the Bureau's preliminary objection that Meade has failed to state a claim regarding his assertion that Section 1541(a) of the Code violates his right to equal protection of the laws and is unconstitutionally vague on its face. We will first examine Meade's equal protection argument.

In *Commonwealth v. Jenner*, 545 Pa. 445, 681 A.2d 1266 (1996), our Supreme Court recognized that "[u]nder an equal protection analysis, a classification which does not impermissibly interfere with a fundamental right or disadvantageously affect a suspect class will be upheld as long as it passes a rational relationship test." *Id.* at 458, 681 A.2d at 1272–1273. "This Court has often stated that driving is a privilege, not a fundamental right." *Id.* at 458, 681 A.2d at 1273. Moreover, because Section 1541 of the Code applies to all those who use the Commonwealth's highways, it does not burden a suspect class. *Id.*

In applying the rational relationship test, this Court concludes that the requirement in Section 1541(a) that a suspended driver surrender his or her license for the period of suspension is rationally related to the goal of protecting those who use the state's highways by keeping suspended drivers off the road. *Jenner.*

■ We now turn to Meade's claim that Section 1541 is unconstitutionally vague because it requires a licensee to serve an indefinite suspension in excess of the "time-certain" suspension contained in the Bureau's notice of suspension. In *Commonwealth v. Mikulan*, 504 Pa. 244, 470 A.2d 1339 (1983), our Supreme Court recognized that in order for a statute to survive a "void-for-vagueness" challenge, the statute must be written in a manner which affords an ordinary person fair notice of what conduct is prohibited and describes the prohibited conduct in a manner that does not encourage arbitrary or discriminatory enforcement. "However, statutes alleged to be vague are not 'to be tested against paradigms of draftsmanship. Rather, the requirements of due process are satisfied if the statute in question contains reasonable standards to guide the

---

1. We also agree with the Bureau that Meade's action for declaratory judgment and injunctive relief should be dismissed on the ground that he failed to exhaust his administrative remedies by failing to seek credit through an administrative hearing under 67 Pa.Code §§ 491.1—491.13. *Cf. Ruby v. Department of Transportation,* 158 Pa.Cmwlth. 631, 632 A.2d 635 (1993) (a licensee is required to exhaust his administrative remedies before bringing a court action challenging the suspension of his license).

**942**

prospective conduct.'" *Id.* at 252, 470 A.2d at 1343 (quoting *Commonwealth v. Heinbaugh,* 467 Pa. 1, 6, 354 A.2d 244, 246 (1976)).

With regard to Section 1541 of the Code, the Department has promulgated regulations at 67 Pa.Code §§ 89.1—89.4 specifying what constitutes the Bureau's *receipt* of a driver's license for purposes of receiving credit under Section 1541(a). For example: (a) physical surrender at any Bureau office shall constitute *receipt* as of that date (67 Pa.Code § 89.2), (b) surrender to any authorized member of the Pennsylvania State Police shall constitute *receipt* as of that date (67 Pa.Code § 89.3), and (c) surrender of license through the United States Postal Service shall constitute *receipt* as of the date of the postmark on the envelope containing the license (67 Pa.Code § 89.4). Therefore, we conclude that Section 1541(a) of the Code, as implemented by 67 Pa.Code §§ 89.1–89.4, clearly meets due process requirements inasmuch as it contains sufficient standards to guide prospective conduct.

In view of the foregoing, this Court sustains the Bureau's preliminary objection that Meade has failed to state a claim upon which relief could be granted under either the theory that Section 1541(a) of the Code violates his right to equal protection of the laws or is unconstitutionally vague on its face.

Accordingly, Meade's Complaint is dismissed.

### *ORDER*

AND NOW, this 10th day of December, 2002, the Respondent's preliminary objections are hereby SUSTAINED and Petitioner's Petition for Review in the Form of a Complaint for Declaratory Judgment and a Prayer for Injunctive Relief is DISMISSED.