**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**John C. PAXSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 17, 2003.
Filed June 2, 2003.

▆▆▆▆

Craig A. Sopin, Philadelphia, for appellant.

Anastasia Filopoulos, Asst. Dist. Atty., Doylestown, for Com., appellee.

Before: MUSMANNO, KLEIN and POPOVICH, JJ.

POPOVICH, J.

¶ 1 John C. Paxson appeals the judgment of sentence (one-year suspension and $275 in fines and costs) for driving while operating privilege was suspended or revoked pursuant to 75 Pa.C.S.A. § 1543(a)[1]. We affirm.

¶ 2 The record reveals that Appellant was found guilty of violating Section 1543(a) by a District Justice on April 25, 2002. A timely statutory appeal of the summary criminal conviction was filed with the Court of Common Pleas of Bucks County. A trial *de novo* was heard before Senior Judge Edward G. Biester, Jr., who found Appellant guilty. An appeal to this Court was perfected raising the question: "Whether the Commonwealth established [Appellant's] culpability for driving under suspension where at the time of the alleged incident, [Appellant's] recorded two year suspension should have been a one year suspension, already served, as a matter of law."

¶ 3 Before addressing the merits of the issue raised, we note that Appellant's driver license abstract, secured from Penn-DOT and produced without objection at the July 19, 2002, trial *de novo*, disclosed a history of Motor Vehicle Code violations beginning in August of 1976 and continuing unabated until December of 1997, the last of which constituted a Section 1543(a)

---

1. Section 1543, entitled **Driving while operating privilege is suspended or revoked**, states in pertinent part:

    **(a) Offense defined.**—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

violation revoking Appellant's driving privileges until June 9, 2002.[2]

¶ 4 On December 21, 2001, Appellant was cited for violating Section 1543(a) by the Doylestown police department, which violation was sustained at the District Justice and Common Pleas Court level before an appeal was filed with this Court.

■ ¶ 5 At the trial *de novo* and on appeal, counsel for Appellant argued that he had served his term of suspension by the December 21, 2001, citation for contravening Section 1543(a), and, accordingly, had violated no provision of the Motor Vehicle Code because his license was restored "by operation of law" on the date of the citation, which rendered its issuance a nullity.

¶ 6 In support of his contention, Appellant cites *Rossi v. Com. of Pa., Dept. of Trans.*, 798 A.2d 801 (Pa.Cmwlth.2002), wherein the Commonwealth Court held that once the licensee's term of suspension had expired her license was "restored by operation of law," even though she did not secure restoration of her driver's license when she was cited for driving while her license was suspended. Therefore, Rossi could not have been operating a motor vehicle in violation of Section 1543(a).

¶ 7 The position espoused by the Commonwealth Court in *Rossi* has not been adopted by this Court. In *Commonwealth v. Byrne*, 815 A.2d 637 (Pa.Super.2002), we concluded that Jonathan Byrne, who operated a vehicle after the expiration of his suspension—DUI related but before the restoration of his license, was cited properly for violating 75 Pa.C.S.A. § 1543(b). In the course of doing so, we wrote in relevant part:

This Court held in *Commonwealth v. Tharp*, 724 A.2d 368 (Pa.Super.1999),

that, notwithstanding the expiration of the period of suspension, an operator shall "seek restoration" of his suspended license to avoid violating Section 1543(b)(2). Tharp's failure to do so resulted in a reversal of the trial court's dismissal of his conviction under Section 1543(b). Also, we ruled that PennDOT's restoration requirements must be complied with to avoid contravening Section 1543, even in the face of satisfying the suspension period.

Accordingly, we are not persuaded by *Rossi's* interpretation of the language appearing in Section 1543(a): "... any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the ... suspension, revocation ... of the operating privilege *and before the operating privilege has been restored* is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200. As amended December 21, 1998, P.L. 1126, No. 151 § 18, 75 Pa.C.S.A. § 1543(a) (Supp.2002) (Emphasis added).

*Rossi* concludes that, once the period of suspension has run it course, an operator may not be in violation of Section 1543(a) because the operator's license is "restored by operation of law" when the suspension period expires. We find *Rossi* to be unpersuasive. *Commonwealth v. Lewis*, 718 A.2d 1262, 1265 n. 10 (Pa.Super.1998), *allocatur denied*, 558 Pa. 629, 737 A.2d 1224 (1999) (Superior Court need not be bound by Commonwealth Court decisions).

We hold that *Tharp* gives the correct interpretation to similar language appearing in Section 1543(b), which reads:

(1) Any person who drives a motor vehicle on any highway or traffic-

---

**2.** Appellant has been cited (between August of 1976 until December of 1997) with twenty-seven Motor Vehicle Code infractions ranging from moving violations to driving while intoxicated.

way of this Commonwealth at a time when their operating privilege is suspended or revoked ... shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

(2) ... This provision shall [...] apply until the person has had the operating privilege restored.

As amended December 21, 1998, P.L. 1126, No. 151 § 18 (Supp.2002), 75 Pa. C.S.A. § 1543(b)(1), (2) (Emphasis added).

*Tharp* requires a person whose license is suspended to seek restoration of his driving privileges, anything short of such an accomplishment will subject the operator to the penalties associated with violating Section 1543 despite the expiration of the license suspension period during the time of operation.

In light of the express language of Section 1543(b)(2), and giving it a common sense reading not at odds with the intent of the Legislature, we conclude that Appellant, who operated a vehicle after the expiration of his suspension—

DUI related but before the restoration of his license, was cited properly for violation of 75 Pa.C.S.A. § 1543(b).

*Byrne,* 815 A.2d at 638 (Emphasis in original).

¶ 8 Adhering to the logic espoused in *Byrne,* we reject Appellant's position seeking to have his suspended license under Section 1543(a) reinstated "by operation of law" so as to label his December 21, 2001, citation void, and, consequently, reversing his conviction.

¶ 9 We read Section 1543(a) to require that anyone operating a vehicle after the expiration of his suspension, but before the restoration of his license, is guilty of violating 75 Pa.C.S.A. § 1543(a). *Byrne, supra.*

■ ¶ 10 Similarly, Appellant's *O'Connor* argument,[3] allowing PennDOT the authority to redraft a person's habitual offender status (*e.g.,* from 2 years to 1 year loss of license) is specious.[4] Unless there is affirmative action taken by the licensee to modify his driving record regarding his habitual offender status, *see* N.T., 7/19/02, at 5–6, the licensee may not obtain relief for a modification he never requested from or was not granted by PennDOT allowing for a reduction in his overall period of

---

3. *O'Connor v. Com. of Pa., Dept. of Trans.,* 755 A.2d 98 (Pa.Cmwlth.2000).

4. In particular, Appellant argues at page 9 of his appellate brief:

Since defendant was removed by the Department from habitual offender status, he was no longer considered revoked for the two year suspension segment imposed on June 9, 2002 but was, instead, suspended for one-year effective June 9, 2000 as a matter of law. That suspension would have been served as of June 9, 2001, prior to the vehicle stop in question. Therefore, at the time of his stop on December 21, 2001, defendant should have been between revocation and restoration and, according to *Rossi,* not culpable under 75 Pa.C.S. Section 1543.

It is true Appellant's habitual offender status was "affected[, *i.e.,*] the date the driving privilege would be eligible for restoration was changed." *See* Appellant's "Certified Driving History" at 7. However, albeit we are not privy to the "old" restoration date Appellant's driving privileges were targeted to be reinstated, the driver's license abstract does reflect that the "new" restoration date to be no sooner than two years after the revocation of driving privileges effective June 9, 2000, for violating Section 1543(a), or June 9, 2002. *Id.* at 8.

Appellant's December 21, 2001, citation for a subsequent violation of Section 1543(a) occurred prior in time to the June 9, 2002, date scheduled for the restoration of Appellant's driving privileges, which time specific offense is irrefutable from the record before this Court. *Id.*

suspension. *See Heath–Hazlett v. Com. of Pa., Dept. of Trans.*, 805 A.2d 686 (Pa. Cmwlth.2002).

¶ 11 Appellant's "Certified Driving History" reflects that his driving privileges were "indefinite[ly] suspend[ed] effective Aug 05 1977". There is no indication of record that his driving privileges were formally reinstated to a date prior in time to his December 21, 2001, citation for violating Section 1543(a), and Appellant was unable to refute this observation by the trial court at the trial *de novo*. *See* N.T., 7/19/02, 1–12.

¶ 12 Accordingly, finding no merit to Appellant's argument seeking reversal of the order adjudicating him guilty of violating 75 Pa.C.S.A. § 1543(a), we affirm.

¶ 13 Judgment of sentence affirmed.