**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Oscar REYES, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 2, 2004.

Filed June 23, 2004.

Leonard M. Mellon, Easton, for appellant.

Janet H. Suber, Assistant District Attorney, for Commonwealth, appellee.

Before: TODD, GANTMAN and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 Oscar Reyes appeals from the September 9, 2003 judgment of sentence imposed following a non-jury trial. Appellant was sentenced to thirty (30) days to eighteen (18) months imprisonment plus a $750 fine for driving under the influence (DUI),[1] and a consecutive ninety (90) days imprisonment plus a $1,000 fine for driving while operating privileges were suspended (DUI-related) ("DUS–DUI").[2] On the

---

1. 75 Pa.C.S.A. § 3731, repealed September 30, 2003, effective February 1, 2004. Now *see id.*, § 3802. We note that under § 3731(e)(1)(ii), thirty days imprisonment is the mandatory minimum for a second DUI offense.

2. *Id.*, at § 1543(b)(1).

summary charge of accidents involving damage to unattended vehicles,[3] he was sentenced to ninety (90) days imprisonment concurrent to the DUS–DUI sentence, and a $300 fine.[4]

¶ 2 The trial court stated the factual history as follows.

> We initially note that this Appellant has never applied for a valid Pennsylvania driver's license. The Appellant's history includes a prior DUI, for which he was convicted on October 17, 2000. As result of the conviction, the Appellant received a license suspension for one year effective January 8, 2001. The Appellant did not take any steps subsequent to January 8, 2001 to obtain a license. The Appellant was arrested for the instant DUI on June 22, 2002.
>
> The factual predicate for that arrest was that the Appellant was involved in an automobile accident. After impact, the Appellant fled from his automobile, ran into the neighborhood and attempted to hide in an apartment. The police pursued the Appellant and, with the permission of the occupants of the apartment, seized him while he was hiding in the apartment.

Trial Court Opinion, Baratta, J., 10/27/03, at 1–2. Following his conviction, appellant filed this timely appeal in which he raises two issues:

I. Whether the lower court erred in denying appellant's motion to dismiss the 75 Pa.C.S.A. § 1543(b) charge (Driving under suspension DUI related) against him because he had served his prior DUI suspension and had no license to restore; and

II. Whether the lower court's sentence of 90 days incarceration for appellant's conviction of 75 Pa.C.S.A. § 3745 (Leaving the scene of an accident involving an unattended vehicle) was excessive and not supported by the record.

Appellant's brief at 2.

¶ 3 Section 1543, **Driving while operating privilege is suspended or revoked**, (b) **Certain offenses**, provided in pertinent part,

(1) Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked ... because of a violation of section ... 3731 ... shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

*Id.*[5] Further, Section 1543(b)(2) provides "[t]his provision shall also apply until the person has had the operating privilege restored." [6]

¶ 4 Appellant first argues that he could not be convicted under Section 1543 because he had served his one year suspension without ever having a license, so he had no license to restore. He says the term "restore" is not defined in the Vehicle Code and the common construction is to reinstate or return to prior status. Accordingly, he contends "[s]ince this language in the statute does not apply to Defendant's situation, it cannot serve to extend his period of 1543(b) consequences

---

3. *Id.*, § 3745. Appellant was also convicted of violating § 1786, **Required financial responsibility,** and § 3714, **Careless driving.**

4. In sum, appellant was sentenced to an aggregate four (4) to twenty-one (21) months imprisonment.

5. Section 1543(b)(1) has since been amended by Act 2003–24, § 9, approved September 30, 2003, effective February 1, 2004.

6. Revised Section 1543(b)(2) includes this same language.

beyond January 8, 2002." Appellant's brief at 7.

¶ 5 In *Commonwealth v. Byrne,* 815 A.2d 637 (Pa.Super.2002), Byrne was convicted for operating a vehicle when his driving privileges had not yet been restored in violation of Section 1543(b). Byrne sought to have his sentenced vacated in accordance with the Commonwealth Court's decision in *Rossi v. DOT, Bureau of Driver Licensing,* 798 A.2d 801 (Pa. Cmwlth.2002), *petition for allowance of appeal granted,* 572 Pa. 745, 815 A.2d 1044 (2003). In *Rossi,* the Commonwealth Court held that once the suspension period had expired, an operator may not be held in violation of Section 1543(b) because the operator's driving privileges are restored by operation of law when the suspension period expires. In *Byrne,* however, this Court declined to adopt the *Rossi* Court's reasoning and instead interpreted the language of Section 1543(b)(2) to require that a person who does not seek restoration of his driving privileges is subject to the penalties associated with a violation of Section 1543 despite the expiration of the suspension period. *Byrne,* at 638, *citing Commonwealth v. Tharp,* 724 A.2d 368 (Pa.Super.1999).

¶ 6 Appellant attempts to distinguish his case from *Byrne* by stating that unlike Byrne who had a driver's license prior to the suspension, he had no license to restore. Accordingly, he urges us to apply the *Rossi* holding to this case. We decline to do so.

¶ 7 This Court already has declined to adopt the *Rossi* holding.[7] Our holding in *Byrne,* moreover, did not depend upon the operator having had a driver's license prior to the suspension. Rather, our holding was an interpretation of the language of Section 1543; we interpreted it to require

that one whose driving privileges have been suspended, as it is undisputed appellant's were in this case, remains subject to the penalties for a violation of 1543(b) until he seeks and obtains restoration of his driving privileges. It is undisputed appellant did nothing of the sort here.

¶ 8 Appellant would have us believe that it was a mystery to him how to have his driving privileges restored. Yet, he received a letter from the Pennsylvania Department of Transportation which informed him his driving privileges were suspended and specifically states that even if he served all of the time on the suspension/revocation, his privileges would not be restored until all requirements outlined in the letter were satisfied. Exhibit A (also marked exhibit #3). The letter outlined the procedure appellant was required to follow. *Id.* If he had any questions, he could have called the phone numbers indicated on the letter. He also could have attempted to apply for a driver's license, something he has never done and something which the law requires him to do if he ever intends to drive again. He instead chose simply to resume driving without a license. In sum, we refuse to find that a person who had a valid license prior to a suspension is subject to enhanced penalties under Section 1543 until he acts to restore his driving privileges, but a person like appellant who did not have a valid license when his privileges were suspended, is in a better position and is not likewise subject to Section 1543 penalties.

■ ¶ 9 Appellant next argues that his 90 day sentence of incarceration for his conviction under Section 3745, **Accidents involving an unattended vehicle or property,** was excessive and not supported by the record. Appellant received the maxi-

---

7. As this Court very recently stated in *Commonwealth v. Williams,* 851 A.2d 182, 183–184 (Pa.Super.2004), unless and until our Supreme Court affirms *Rossi,* we are not bound by its holding.

mum sentence allowed for a violation of this section. *See* Section 3745(b), **Penalty.**

■ ¶ 10 Our standard of review in an appeal from the discretionary aspects of a sentence is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will.

*Commonwealth v. McNabb,* 819 A.2d 54, 55 (Pa.Super.2003). There is no absolute right to appeal the discretionary aspects of a sentence. *Id.* In appealing the discretionary aspects of a sentence, an appellant must include in his brief a concise statement of reasons relied upon for allowance of appeal. *See* Pa.R.A.P. 2119 **Argument (f) Discretionary aspects of sentence.** In that statement, an appellant must demonstrate that a substantial question exists concerning his sentence. *McNabb* at 55–56. Here, appellant raised a substantial question by alleging the trial court failed to sufficiently state its reasons for the sentence imposed on the record. *Id.* Accordingly, we will review this allegation.

¶ 11 Here, the court was aware appellant had no prior record other than his previous DUI, was aware of the sentencing guidelines, and was informed appellant worked full time and had paid $500 for the damages he caused to the other vehicle. N.T., 9/9/03, at 14–16. We presume the trial court took all of this into account in formulating appellant's sentence. *Cf., Commonwealth v. Devers,* 519 Pa. 88, 102–103, 546 A.2d 12, 18 (1988) (holding that where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors). Although here, unlike *Devers,* we are not aware of any pre-sentence report, we conclude the trial court possessed all relevant information and we presume it considered this information in formulating appellant's sentence.

¶ 12 We also point out that although appellant has never applied for a driver's license, he has continued to drive, and moreover, drive while intoxicated, as this was his second DUI offense. Under these circumstances, we cannot find that the trial court abused its discretion in imposing the maximum sentence under Section 3745.

¶ 13 Appellant also alleges that the trial court relied upon an impermissible factor in sentencing him, namely retaliation for his decision to appeal. Appellant's brief at 10–11. Although an allegation that the court relied upon an impermissible factor in sentencing does raise a substantial question, *see McNabb, supra,* at 56–57, this is an utterly bald allegation. Appellant simply states, "it appears that the 90 day sentence was intended to dissuade defendant from filing an appeal, or to prevent him from obtaining any relief if his appeal was successful..." Appellant's brief at 10. We find this argument is waived. *See Commonwealth v. Clayton,* 572 Pa. 395, 402, 816 A.2d 217, 221 (2002) (reiterating that "[i]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal").

¶ 14 Judgment of sentence affirmed.