## Commonwealth v. Masters

C.P. of Centre County, no. 2004-98.

*Nathan L. Boob,* for Commonwealth.
*Sean P. McGraw,* for defendant.

GRINE, *J.,* January 3, 2005—Presently before this court is defendant Jody R. Masters's summary appeal of a citation she received for driving while her license was suspended in violation of 75 Pa.C.S. §1543. Defendant does not dispute the fact that she was driving her vehicle

when she did not have a valid license. Additionally, defendant does not dispute that her license was suspended because of a conviction for driving under the influence. Defendant is, however, contesting whether she should have been found guilty of violating the statute because her period of suspension had expired some time before she was cited for driving under suspension.

Defendant was convicted of driving under the influence on or about November 15, 2001. As a result of her conviction, her driver's license was suspended for a period of one year commencing on or about January 8, 2002, with official notice being sent to defendant by the Pennsylvania Department of Transportation on or about April 9, 2002. Defendant testified at the hearing held before this court on September 10, 2004, that she voluntarily elected to undergo a two-year period of suspension because she could not afford to install the ignition interlock device that would have been a condition of her license restoration after the one-year period of suspension expired. Defendant became eligible for the restoration of her driver's license on or about January 8, 2004.

The charge giving rise to this summary appeal occurred on or about April 14, 2004. Trooper Pacella of the Pennsylvania State Police recognized the defendant and her vehicle and noted that mud had been strategically placed over the portion of the windshield where the inspection sticker was to be displayed. He also noted the rest of the vehicle did not have a proportionate amount of mud on it, and he initiated a traffic stop. At that time he questioned her about her driving as he knew she was under a suspension. Defendant was cited for driving under suspension. Defendant subsequently went to a driver's li-

cense center and had her license restored on or about May 16, 2004. Her license was suspended again on August 11, 2004, as a result of this new charge.

Defendant argued to this court that her period of suspension had expired on or about January 8, 2004, and her license should have been restored at that time. Because she was eligible to have her license restored, she should not be found guilty of violating section 1543 of the Motor Vehicle Code. In support of this argument, defendant cited to this court the case of *Rossi v. PennDOT,* 798 A.2d 801 (Pa. Commw. 2002). In *Rossi,* the defendant failed to comply with PennDOT's restoration requirements necessary to restore her license. Despite her failure to comply, the Commonwealth Court ruled that once the suspension period ended, the operator's driving privileges were "restored by operation of law."

The Superior Court has since declined to adopt the rationale used by the Commonwealth Court in *Rossi,* going so far as to indicate that it is not bound by Commonwealth Court decisions. See *Commonwealth v. Byrne,* 815 A.2d 637, 638 (Pa. Super. 2002), citing *Commonwealth v. Lewis,* 718 A.2d 1262, 1265 n.10 (Pa. Super. 1998), *allocatur denied,* 558 Pa. 629, 737 A.2d 1224 (1999). In *Byrne,* the Superior Court adopted the reasoning in *Commonwealth v. Tharp,* 724 A.2d 368 (Pa. Super. 1999), which required a person to seek restoration of his driving privileges and "anything short of such an accomplishment will subject the operator to the penalties associated with violation section 1543 despite the expiration of the license suspension period during the time of operation." *Byrne,* 815 A.2d at 638.

An examination of the statute even indicates to this court that a person must have his/her driver's license restored in order to avoid penalty under section 1543. The statute specifically states, "any person who drives a motor vehicle . . . after the commencement of a suspension, revocation or cancellation . . . *and before the operating privilege has been restored* is guilty of a summary offense." 75 Pa.C.S. §1543(a). (emphasis added) In other words, formal restoration of operating privileges is required before a person who had been the subject of a license suspension can legally drive again.

Defendant also argued to this court that she did not receive notification from PennDOT when her suspension period had expired and she was eligible to have her license restored. However, this court is not persuaded by this argument. Defendant testified that following her citation for driving under suspension, she went to a driver's license center and filled out the paperwork and paid the fee necessary to have her driver's license restored. While defendant may not have received official word from PennDOT that her suspension period was over, nothing prevented her from going to a driver's license center and making those same inquiries before she got behind the wheel of her car, knowing full well that while her suspension period might be over, she had yet to have her license restored. This court is, therefore, satisfied that defendant is guilty of the charge of driving under suspension.

Finally, because the suspension that is the subject of this summary appeal was the result of a charge of driving under the influence, section 1543 of the Motor Vehicle Code requires a fine of $500 and a period of not

less than 60 days nor more than 90 days of imprisonment. Defendant's sentence of a $500 fine and intermediate punishment for a period of 60 days in the in-home detention program was appropriate under the statute. See 75 Pa.C.S. §1543(b)(1).