J-S27038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY CEDENO, | |
| Appellant | No. 1710 MDA 2015 |

Appeal from the Judgment of Sentence August 31, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001060-2015

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: **FILED APRIL 07, 2016**

Appellant Anthony Cedeno ("Appellant") appeals from the judgment of sentence entered in the Court of Common Pleas of Berks County after he entered an open guilty plea to one count each of retail theft, conspiracy to commit retail theft, and possession of drug paraphernalia.[1] Sentenced to a standard guideline range sentence of fifteen months to six years' incarceration for retail theft, with a concurrent seven years' probation for conspiracy and a concurrent one year of probation for possession of drug paraphernalia, Appellant contends his guilty plea was invalid and his sentence the product of the court's abuse in sentencing discretion. Appointed counsel also seeks to withdraw from this appeal on the basis of

_____

[1] 18 Pa.C.S.A. §§ 3929(a)(1), and 903(a)(1), and 35 P.S. § 780-113(a)(32), respectively.

*Former Justice specially assigned to the Superior Court.

frivolity in conformance with ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonweatlh v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm and grant counsel's petition to withdraw.

On March 24, 2015, Appellant was charged with the above-cited three offenses as well as with one count of receiving stolen property. On August 31, 2015, he entered an open plea to the three offenses, in exchange for the withdrawal of the receiving stolen property count, and the trial court conducted a plea colloquy. The guilty plea/sentencing notes of transcript reveal that the court confirmed that Appellant understood the nature and elements of his offenses, the presumption of his innocence and his right to a jury trial, his right to file pretrial motions, the waiver of such rights when a guilty plea is entered, and the limited rights upon which to challenge a guilty plea or one's sentence.. N.T. 8/31/15 at 3-4. Appellant verified that he prepared his written guilty plea with his attorney, he denied having any questions about his written plea, and he expressed satisfaction with his attorney. ***Id.*** at 5.

The Commonwealth recited the facts upon which it based its charges, and Appellant agreed the recitation was accurate. ***Id.*** at 7. The court advised Appellant that the plea was an open plea, without a plea bargain or plea agreement in place, and, as such, he could not withdraw his plea after receiving sentence as he would be able to do if his plea were negotiated. Id. at 8. Appellant conveyed his understanding of that as well. ***Id.*** The court informed Appellant about the maximum sentences he could receive for each

- 2 -

offense and explained they could be run consecutively, and Appellant indicated he understood. *Id.* at 7-8. With that, Appellant pled guilty to the three counts and proceeded to sentencing. *Id.* at 9.

The standard range sentence given Appellant's offense gravity and prior record scores was twelve to eighteen months on the count of retail theft. *Id.* at 10-11. The Commonwealth recommended an aggravated range sentence of two to five years' incarceration. *Id.* at 11. Reasons offered to support this request were Appellant's extensive criminal history, his most recent sentence of 1½ to 4 years in prison for retail theft, his lack of remorse, and a lack of amenability to rehabilitation. *Id.* at 11-12. The Commonwealth also cited Appellant's failure to accept an original offer of a bottom-end, standard range sentence of one to five years, which the Commonwealth opined was a generous offer considering the store security cameras provided clear and undeniable video of Appellant's involvement in the theft. *Id.* Appellant's co-conspirator had accepted this offer, the Commonwealth related. *Id.*

Appellant's counsel asked for a mitigated range sentence of eleven months to twenty-three months' incarceration, citing a relapse into heroin use caused by his father's death, mental health issues, and successful completion of a drug and alcohol out-patient treatment program. *Id.* at 14. Appellant spoke on his own behalf and recounted a childhood of physical abuse, being removed from his family by Children's Services and placed in various children's homes where he claims he was sexually molested several

times, and eventually becoming a run-away living in Atlantic City, New Jersey. *Id.* at 17.

As noted above, the court imposed a standard guideline range, state sentence of fifteen months to six years' incarceration. In so doing, the court indicated that it had considered all of Appellant's information—including his presentence investigation report, statements of counsel, and Appellant's personal statement—and the potential benefit of state prison treatment programs. *Id.* at 18-19. Following the court's denial of post sentence motions, this timely appeal followed.

Counsel has filed with this court a petition to withdraw and an *Anders* brief. Thus, before we consider the substance of this appeal, we must address counsel's compliance with *Anders*:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof....
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.,* directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the

- 4 -

judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720–21 (Pa.Super. 2007) (citations omitted).

Our Supreme Court has clarified portions of the ***Anders*** procedure:

Accordingly, we hold that in the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and ***Anders*** brief, we conclude that counsel has satisfied the above requirements.[2] Therefore, we shall conduct an independent review of the appeal to determine whether it is indeed wholly frivolous.

Appellant raises the following two issues for our review:

1. Whether the lower court erred in denying Appellant's Motion to Withdraw his Guilty Plea, where Appellant's guilty plea was not knowingly, voluntarily or intelligently done because Appellant was deprived of additional plea negotiations as he was not present for call of the list on August 27, 2015, and

_____

[2] Appellant has not filed a *pro se* response raising any additional points for our consideration.

- 5 -

therefore could only enter an open plea in the above captioned matter.

2. Whether the sentencing court abused its discretion when it sentenced Appellant to a greater period of confinement than that which was consistent with the protection of the public, the gravity of the offense as it relates to the impact on the victim and on the community, and Appellant's rehabilitative needs.

Appellant's brief at 6.

Our standard of review for post-sentence motions to withdraw guilty pleas is well-settled:

after the court has imposed a sentence, a defendant can withdraw his guilty plea "only where necessary to correct a manifest injustice." *Commonwealth v. Starr*, 450 Pa. 485, 490, 301 A.2d 592, 595 (1973). "[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentencing-testing devices." *Commonwealth v. Kelly*, 5 A.3d 370, 377 (Pa.Super. 2010), *appeal denied*, 613 Pa. 643, 32 A.3d 1276 (2011). If the appellant knows the only possible sentence he can get for the crime to which he pled guilty, then any pre-sentence motion to withdraw the plea is akin to a post-sentence motion to withdraw the plea, and the "manifest injustice" standard will apply to the pre-sentence motion. *Commonwealth v. Lesko*, 502 Pa. 511, 517, 467 A.2d 307, 310 (1983).

To be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. *Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa.Super. 2003). "[A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly." *Commonwealth v. Gunter*, 565 Pa. 79, 84, 771 A.2d 767, 771 (2001). The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. *Commonwealth v. Hodges*, 789 A.2d 764, 765 (Pa.Super .2002) (citing Pa.R.Crim.P. 590). Under Rule 590, the court should confirm, *inter alia,* that a defendant understands: (1) the nature of the charges to which

- 6 -

he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. ***Commonwealth v. Watson***, 835 A.2d 786 (Pa.Super. 2003). The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. ***Commonwealth v. Muhammad***, 794 A.2d 378 (Pa.Super. 2002). Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise. ***Pollard***, ***supra.***

***Commonwealth v. Prendes***, 97 A.3d 337, 352-53 (Pa.Super. 2014).

There is no indication in the record before us that Appellant's counseled written and oral pleas were involuntary. The record suggests that the Commonwealth had offered its negotiated plea sometime before August 27, 2015, which would have given Appellant the opportunity to accept the plea at any time prior to the August 27th deadline. Moreover, Appellant clearly had the opportunity to explain to the court that but for the prison's failure to transport him to his scheduled court appearance on August 27, 2015, he would have accepted the Commonwealth's plea offer on that date. He did not avail himself of this opportunity. Instead, he verified with the court that he understood every aspect to his open plea, chose to enter an open plea, asked for a mitigated range sentence with a top end of twenty-five months' less time than what the Commonwealth offered, and presented his case in mitigation. Without any suggestion in this record that Appellant was truly denied an opportunity to accept the Commonwealth's negotiated

plea offer, we conclude that Appellant voluntarily, knowingly, and intelligently entered his open plea. We, therefore, discern no manifest injustice associated with his plea that would permit him to withdraw it.

Appellant next contends that the court's standard range sentence represents an abuse of sentencing discretion.[3]

Our standard of review in an appeal from the discretionary aspects of a sentence is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will.

***Commonwealth v. McNabb***, 819 A.2d 54, 55 (Pa.Super. 2003). However, there is no absolute right to appeal the discretionary aspects of a sentence. **Commonwealth v. Reyes**, 853 A.2d 1052, 1055 (Pa.Super. 2004). To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief contains a

---

[3] Appellant's guilty plea does not preclude him from challenging the discretionary aspects of his sentence because there was no agreement as to the sentence he would receive. ***See Commonwealth v. Hill***, 66 A.3d 359, 363 (Pa.Super. 2013) (holding that defendant may challenge discretionary aspects of sentence on appeal where open guilty plea is entered).

concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. ***Commonwealth v. Mastromarino***, 2 A.3d 581, 585 (Pa.Super. 2010).

Here, Appellant clearly satisfies the first three requirements to obtaining our discretionary review, and his claim that his standard range sentence is excessive, as the trial court failed to consider mitigating factors and all relevant factors under 42 Pa.C.S.A. § 9721(b), raises a substantial question. ***See Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa.Super. 2012) (stating that failure "to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs" of the defendant raised a substantial question); ***Commonwealth v. Perry***, 883 A.2d 599, 602 (Pa.Super. 2005) (stating that an excessiveness sentence claim, in conjunction with an assertion that the court did not consider mitigating factors, raised a substantial question).[4]

---

[4] Even if Appellant failed to raise a substantial question, ***Anders*** requires that we examine the merits of Francis's claims to determine whether his appeal is, in fact, "wholly frivolous" in order to rule upon counsel's request to withdraw. ***See Commonwealth v. Wilson***, 578 A.2d 523, 525 (Pa.Super. 1990) (stating that discretionary aspects of sentencing claims raised in an ***Anders*** brief must be addressed on appeal, despite procedural violations).

In conducting merits review of Appellant's claim that his standard range sentence is excessive because of the trial court's failure to consider properly his mitigating circumstances, his rehabilitative needs, and the threat he posed to public safety, we find guidance in the following precedent:

> As we indicated in **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa.Super. 2010), where the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive. In those circumstances, we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Devers**, 519 Pa. 88, 546 A.2d 12, 18 (1988); **see also Commonwealth v. Tirado**, 870 A.2d 362, 368 (Pa.Super. 2005) (if sentencing court has benefit of pre-sentence investigation, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). Moreover, we can reverse a standard-range sentence only if the sentence is clearly unreasonable when viewed in light of the four statutory factors outlined in 42 Pa.C.S. § 9781(d). **Commonwealth v. Walls**, 592 Pa. 557, 926 A.2d 957, 963–964 (2007); **see also Commonwealth v. Macias**, 968 A.2d 773 (Pa.Super. 2009). Section 9781(d) provides that when we review this type of question, we have regard for:
>
> > (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
> >
> > (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
> >
> > (3) The findings upon which the sentence was based.
> >
> > (4) The guidelines promulgated by the commission.
>
> **Walls**, **supra** at 963. Furthermore, "rejection of a sentencing court's imposition of sentence on unreasonableness grounds

- 10 -

[should] occur infrequently, whether the sentence is above or below the guidelines ranges." **Macias**, **supra** at 777 (quoting **Walls**, **supra** at 964).

**Commonwealth v. Corley**, 31 A.3d 293, 298 (Pa.Super. 2011).

The court openly stated that it considered arguments of counsel, Appellant's statement, and Appellant's presentence investigation report in formulating its standard range sentence. In that regard, it heard that Appellant had four retail theft convictions in the previous seven years, including the most recent in 2012 for which he was sentenced to serve one and one-half to four years' incarceration. N.T. at 9-10. The court also specifically referenced Appellant's "very hard life," as well as his need for drug rehabilitation services and attendance in shoplifting offender classes available in state prison. Id. at 18-20. As the record demonstrates the court considered the seriousness of Appellant's crime, the protection of the public, and his mitigating circumstances at the sentencing hearing, we decline to find the standard range sentence imposed was excessive.

Judgment of sentence is AFFIRMED. Counsel's petition to withdraw is granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/7/2016

- 11 -