J-S66035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRITTANY ERICA HOLZAPFEL | |
| Appellant | No. 34 MDA 2016 |

Appeal from the Judgment of Sentence November 23, 2015
in the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000301-2015

BEFORE:  BOWES, J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                 **FILED OCTOBER 13, 2016**

Brittany Erica Holzapfel ("Appellant") appeals from the judgment of sentence entered in the Adams County Court of Common Pleas following her bench trial convictions for possession of drug paraphernalia,[1] driving while operating privilege is suspended or revoked,[2] and driving without a license.[3] After careful review, we affirm.

Initially we note that Appellant has never had a valid Pennsylvania driver's license.  On August 24, 2012, the trial court convicted Appellant of

_____

[1] 35 P.S. § 780-113(a)(32).  Appellant does not challenge her possession of drug paraphernalia conviction on appeal

[2] 75 Pa.C.S. § 1543(b).

[3] 75 Pa.C.S. § 1501.

driving under the influence of a controlled substance ("DUI") based on an incident that occurred when Appellant had only a learner's permit. Also on August 24, 2012, as a result of her DUI conviction, the Pennsylvania Department of Transportation ("PennDOT") suspended Appellant's driving privileges for one year. After the expiration of the suspension period, Appellant never sought, and PennDOT never approved, the reinstatement of her driving privileges.

Following the expiration of her original DUI license suspension in August 2013, Appellant had her operating privileges suspended two more times, first in December 2013 and then again September 2014, each time for driving while her operating privileges were suspended.

On February 16, 2015, the Eastern Adams Regional Police Department encountered Appellant in the driver's seat of a running vehicle that Appellant admitted she had been driving. The police detected the odor of marijuana emanating from the vehicle. Appellant admitted to having a glass pipe in the vehicle, and was ultimately charged and convicted as stated **_supra_**.

On November 23, 2015, the trial court sentenced Appellant to 12 months' probation on the possession of drug paraphernalia conviction, 60 days' partial confinement on the driving while operating privilege is suspended or revoked conviction, and fines and costs on the driving without a license conviction. On December 1, 2015, Appellant filed a motion for

modification of sentence, which the trial court denied on December 7, 2015. Appellant filed a timely notice of appeal on January 7, 2016.[4]  On January 8, 2016, the trial court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days. Appellant did not file a Rule 1925(b) statement.  The trial court filed its Pa.R.A.P. 1925(a) opinion on February 8, 2016.

Appellant raises the following two claims for our review:

1. Whether the trial court erred in convicting the Appellant of driving under suspension in violation of Section 1543(b)(1) of the Pennsylvania Motor Vehicle Code?

2. Whether Appellant had, or should have had actual notice that her license was suspended from a DUI[-]related offense?

Appellant's Brief, p. 4.

At the outset, we note that Appellant waived her issues by failing to comply with the trial court's January 8, 2016 order to file a Pa.R.A.P. 1925(b) statement within 21 days.  *See Commonwealth v. Boone*, 862 A.2d 639, 645 (Pa.Super.2004) (waiver of issues due to disregard of trial

---

[4] Appellant's January 7, 2016 notice of appeal was filed on the 31st day after the December 7, 2015 order denying Appellant's motion for modification of sentence.  *See* Pa.R.A.P. 903(a) (requiring a notice of appeal to be filed within 30 days after the entry of the order from which the appeal is taken). However, the docket reveals the trial court did not serve Appellant with notice of the order until December 8, 2015.  Accordingly, we consider Appellant's January 7, 2016 notice of appeal timely filed.  *See Frazier v. City of Philadelphia*, 735 A.2d 113, 115 (Pa.1999) (holding that "an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given").

court order to file Pa.R.A.P. 1925(b) statement of matters complained of on appeal); *see also J.P. v. S.P.*, 991 A.2d 904, 908 (Pa.Super.2010) (citing *Commonwealth v. Lord*, 719 A.2d 306 (Pa.1998)) ("an appellant's failure to comply with an **order** to file a Rule 1925(b) statement in a timely manner constitutes waiver of all objections to the order, ruling, or other matter complained of on appeal.").

Moreover, had Appellant properly preserved and raised her claims, they would not entitle her to relief. Appellant argues that, because she had only a learner's permit at the time her driving privileges were originally suspended, she cannot be found culpable of failing to have her driving privileges restored under 75 Pa.C.S. § 1543(b). *See* Appellant's Brief, pp. 9-11. She further argues that, because the duration period of her original suspension had expired, she did not have actual notice that her driving privileges remained suspended. *Id.* These arguments lack merit.

Following a DUI conviction, an individual's license remains suspended until the person applies for and has the operating privilege restored. 75 Pa.C.S. § 1543(b)(1); *Commonwealth v. Reyes*, 853 A.2d 1052 (Pa.Super.2004) (driver convicted of driving under suspension following expiration of suspension period following DUI conviction despite never having been licensed to drive). A person stopped driving prior to the restoration of their operating privilege is properly charged with violation of 75 Pa.C.S. § 1543(b)(1). *See Commonwealth v. Byrne*, 815 A.2d 637 (Pa.Super.2002).

Simply stated, Appellant never applied for the restoration of her driving privileges following her 2012 DUI conviction and license suspension. Accordingly, the Commonwealth properly prosecuted her for violation of 75 Pa.C.S. § 1543(b)(1). *See Byrne*, *supra*. The fact that Appellant originally had a learner's permit and not a driver's license is of no moment. *See Reyes*, *supra*. Additionally, Appellant's multiple driving privilege suspensions following the expiration of the original DUI-related suspension and prior to the instant matter provided Appellant with ample notice that her driving privileges remained suspended.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2016