J-S17045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKY LAND | : | |
| | : | |
| Appellant | : | No. 992 EDA 2023 |

Appeal from the Judgment of Sentence Entered November 4, 2022
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000052-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKY LAND | : | |
| | : | |
| Appellant | : | No. 1981 EDA 2023 |

Appeal from the Judgment of Sentence Entered November 4, 2022
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000053-2021

BEFORE:  BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 24, 2024**

Appellant, Ricky Land, appeals from the aggregate judgment of sentence of 183 to 366 months' incarceration, imposed after a jury convicted him in two separate cases, which were consolidated for trial, of various offenses including possession with intent to deliver a controlled substance, delivery of a controlled substance, possession of a controlled substance,

possession of drug paraphernalia, and resisting arrest. After careful review, we affirm.

The trial court set forth a detailed summary of the facts and procedural history of Appellant's two cases, which we adopt herein. *See* Trial Court Opinion (TCO), 6/9/23, at 1-5. We only briefly note that Appellant's charges in the case docketed at CP-52-CR-0000052-2021 stemmed from two drug sales that Appellant made in January of 2020. Specifically, in one sale, Appellant and a cohort sold an undercover police officer a mixture of cocaine and fentanyl. In the second sale, Appellant and the same cohort sold heroin to a confidential informant. Appellant's charges in the case docketed at CP-52-CR-0000053-2021 were premised on a traffic stop of Appellant's vehicle in October of 2020. During the stop, Appellant fled from the vehicle and, after he was subdued, was found to be in possession of large quantities of heroin, fentanyl, and $2,254.00 in cash. The charges in both Appellant's cases were consolidated for trial.

Prior to trial, Appellant filed motions to suppress the evidence recovered from the stop of his vehicle, as well as a motion to sever his two cases. After conducting a suppression hearing, the trial court denied Appellant's motion to suppress. It also denied his motion to sever. Appellant proceeded to a jury trial in September of 2022, at which he represented himself with standby counsel.[1] At the close of trial, the jury convicted Appellant of all charges, and

_____

[1] Appellant is counseled in this appeal.

- 2 -

he proceeded to sentencing on November 4, 2022. There, the court imposed the aggregate term of incarceration set forth *supra*.

Appellant filed a timely motion for reconsideration of his sentence, which the court denied after a hearing. Appellant then filed a timely notice of appeal, and he complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on June 9, 2023. Herein, Appellant states five issues for our review:

> 1. Did the trial court err in its December 30, 2021 order denying the motion to suppress evidence[,] which sought the suppression of evidence deriving from a traffic stop that violated … Appellant's rights under the 4th Amendment of the United States Constitution and Section 8 of the Constitution of Pennsylvania; subsidiarily, did the trial court err by considering evidence outside the affidavit when determining whether probable cause was established at the August 9, 2021 suppression hearing[?]
>
> 2. Did the trial court err by denying … Appellant's Motion to Sever[,] where the consolidation of the cases unduly prejudiced … Appellant because the cases would not have been admissible in a separate trial from each other[?]
>
> 3. Did the trial court err by not permitting Appellant to produce evidence related to the custody of his minor child for the purpose of impeaching the credibility of the biological mother of said child, Kaylynne Doran, during her testimony at trial[?]
>
> 4. Was … Appellant deprived of a fair trial due to the prosecutor's failure to correct the perjured testimony of witness Kaylynne Doran, and such that [the] trial court abused its discretion in refusing to reconsider … Appellant's sentence as it related to the perjured testimony of Kaylynne Doran[?]
>
> 5. Did the trial court abuse its discretion in sentencing … Appellant to a sentence that was excessive under the circumstances[?]

Appellant's Brief at 3-4 (unnecessary capitalization omitted).

In assessing Appellant's issues, we have reviewed the certified record, the briefs of the parties, and the applicable law. Additionally, we have examined the well-reasoned Rule 1925(a) opinion of the Honorable Gregory H. Chelak, President Judge of the Court of Common Pleas of Pike County. We conclude that President Judge Chelak's opinion adequately disposes of the issues presented by Appellant and, thus, we adopt his decision as our own in affirming Appellant's judgment of sentence. However, we add the following points to supplement President Judge Chelak's analysis of Appellant's first and second issues.

First, in challenging the trial court's denial of his motion to suppress on the basis that the stop of his vehicle was illegal, Appellant complains that the trial court failed to set forth findings of fact and conclusions of law following the suppression hearing. *See* Pa.R.Crim.P. 581(I) (stating that the trial court must enter on the record findings of fact and conclusions of law at the end of a suppression hearing). Notably, Appellant does not claim that he was in any way prejudiced by the court's failure in this regard. Moreover, where a trial court fails to abide by Rule 581(I), this Court has looked to the trial court's Rule 1925(a) opinion to garner findings of fact and conclusions of law. *See* ***Commonwealth v. Reppert***, 814 A.2d 1196, 1200 (Pa. Super. 2002). Here, the trial court's Rule 1925(a) opinion sufficiently relates the court's findings and legal determinations. *See* TCO at 2-3, 6-10. Thus, no relief is due on this claim.

- 4 -

Additionally, Appellant argues that the trial court erred in denying his motion to suppress because its decision "was partly based on evidence outside of the affidavit." Appellant's Brief at 21 (citing TCO at 9 ("Assuming *arguendo*, that [Pennsylvania State] Troopers [Brendan] O'Connor and [Robert] Mikulak did not have sufficient reasonable suspicion to stop … Appellant's vehicle for … speeding, they did have probable cause to conduct the stop after observing that vehicle disregard a stop sign and then drift across the fog line on more than one occasion.")).[2] According to Appellant, "the affidavit relied upon by

_____

[2] We recognize that, "[u]nder Pennsylvania law, a police officer may only stop a motorist for speeding if that officer possesses **probable cause** that the motorist was speeding." **Commonwealth v. Green**, 168 A.3d 180, 184 n.7 (Pa. Super. 2017) (citation omitted; emphasis added). Thus, the trial court is incorrect in concluding that Troopers O'Connor and Mikulak, who stopped Appellant's vehicle, "had sufficient **reasonable suspicion**" to do so because Appellant's "vehicle was initially observed speeding on the highway." TCO at 9 (emphasis added). Nevertheless, we agree with the trial court's additional conclusion that the troopers had "probable cause to conduct the stop after observing the vehicle disregard a stop sign and then drift across the fog line on more than one occasion." **Id.**; **see also Commonwealth v. Feczko**, 10 A.3d 1285, 1291 (Pa. Super. 2010) (holding that when a driver's detention cannot serve an investigatory purpose, the officer must articulate facts possessed by him, at the time of the stop, which would provide probable cause to believe that the vehicle or driver was in violation of some provision of the Motor Vehicle Code); Commonwealth's Brief at 14 (stating there was probable cause to stop Appellant's vehicle for violations of 75 Pa.C.S. §§ 3334 (failure to signal), 3323 (failure to stop vehicle at stop sign), and 3309 (failure to maintain lane of travel)). Moreover, Trooper O'Connor's testimony at the suppression hearing established that he also had reasonable suspicion to stop Appellant's vehicle for further investigation when it drifted so far over the fog line that the officer was concerned that Appellant was impaired. **See** N.T. Hearing, 8/9/21, at 10; **see also Feczko**, 10 A.3d at 1291 (holding that "[t]raffic stops based on a reasonable suspicion either of criminal activity or a violation of the Motor Vehicle Code … must serve a stated investigatory purpose").

the troopers to secure an arrest warrant did not mention anything about … Appellant's vehicle being stopped for drifting over a fog line[,] nor was … Appellant charged with drifting over a fog line." *Id.* Appellant insists that "the provisions of Pa.R.Crim.[P.] … 513[] mandate that the hearing court shall not consider any evidence outside the affidavit to establish probable cause." *Id.* (brackets added by Appellant omitted; citing Pa.R.Crim.P. 513(B)(2), (B)(4)).

Appellant has failed to convince us that any relief is due. Rule 513 addresses the requirements for the issuance of arrest warrants. Appellant does not explain how that rule applies to the issue at hand, which is the legality of the stop of his vehicle. We discern no error in the trial court's consideration of the suppression hearing testimony of Trooper O'Connor in determining the legality of that stop.

We also note that the thrust of Appellant's argument in support of his first issue is that Trooper O'Connor's suppression hearing testimony was contradicted by the dash-camera video entered into evidence at the hearing. However, there are multiple videos contained in the certified record, each of which is several minutes long and time-stamped, and Appellant does not identify in which video, or at what time-stamp, the trooper's testimony was contradicted. From our viewing the videos, we see nothing that overtly contradicts Trooper O'Connor's testimony, which the trial court credited. *See* TCO at 8-9. Moreover, Appellant fails to offer any discussion of, or citation to legal authority to support, why the circumstances known to Trooper O'Connor

- 6 -

failed to provide lawful justification to stop his vehicle. ***See*** Appellant's Brief at 20-26. Thus, he has failed to demonstrate that the trial court's factual findings are not supported by the record, or that its legal conclusions are incorrect. ***See Commonwealth v. Smith***, 164 A.3d 1255, 1257 (Pa. Super. 2017) ("An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. … Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous.").

Our last point concerning Appellant's first issue pertains to his argument that Trooper O'Connor failed to provide him with ***Miranda*** warnings. ***See Miranda v. Arizona***, 384 U.S. 436 (1966). As the Commonwealth correctly observes, Appellant "fails to point out in the record where any custodial statements made by him were entered into evidence, or what statements he is referring to. Indeed, a review of the record does not reveal [that] any custodial statements made by [Appellant] were advanced by the Commonwealth into evidence." Commonwealth's Brief at 15. Thus, in addition to the reasons set forth the by the trial court in its opinion, no relief is due on this claim either.

Next, we add several comments to the court's analysis regarding Appellant's second issue, in which he challenges the court's denial of his

motion to sever his two cases. First, our Supreme Court has declared that "[t]he defendant bears the burden of proving that he was prejudiced by the decision not to sever, and he must show real potential for prejudice rather than mere speculation." *Commonwealth v. Rivera*, 773 A.2d 131, 127 (Pa. 2001) (citations omitted). Here, Appellant's entire argument regarding the prejudice he ostensibly suffered from the consolidation of his cases is as follows:

> It is clear from the question by the jury during trial (Trial transcripts, September 9, 2022, page 68, lines 18, 19 – QUESTION: "case 53, please give us clarification trying to link both cases[."]) that they cumulated evidence from both cases in order to arrive at their verdict. Therefore, it is more than likely that the prejudicial effect of joining the two cases together more unduly aroused the jury's prejudice against Appellant.

Appellant's Brief at 31-32. Appellant's short and confusing argument is insufficient to convince this Court that prejudice resulted from the trial court's decision to deny his motion to sever his cases.

Additionally, Appellant also claims, in his second issue, that the trial court improperly denied him a hearing on his motion to sever. Appellant explains that, at the suppression hearing, the Commonwealth suggested that Appellant's motion for severance be addressed after a hearing on a petition for writ of *habeas corpus* Appellant had also filed. *See* N.T. Hearing at 31. Appellant's counsel stated that he had "no objection to the deferring of a decision on the Motion to Sever." *Id.* at 32. Ultimately, the trial court issued an order denying Appellant's motion to sever before the *habeas* hearing had occurred, which Appellant claims "depriv[ed him] of the adversarial process

at which he could have presented facts and evidence challenging the consolidation of both cases." *Id.* However, Appellant does not explain what facts or evidence he would have presented at the *habeas* hearing that would have supported his motion to sever. Thus, he has not demonstrated that the court erred by denying it without a hearing, or that he was prejudiced by that ruling.

Aside from these points, we conclude that President Judge Chelak's opinion adequately addresses the remainder of Appellant's issues and arguments. Thus, we adopt that decision as our own and affirm Appellant's judgment of sentence for the reasons set forth therein.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/24/2024

**IN THE COURT OF COMMON PLEAS OF**
**PIKE COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA,** | : | |
| | : | |
| **v.** | : | **992 EDA 2023** |
| | : | |
| **RICKY LAND, JR.,** | : | **052-2021 CRIMINAL** |
| | : | **053-2021 CRIMINAL** |
| **Defendant/Appellant.** | : | |

---

### OPINION SUBMITTED PURSUANT TO PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925

AND NOW, this __9th__ day of __June__, 20__23__, following a thorough review of the record in the above-captioned matter, we confirm our decision and respectfully request the Superior Court affirm our Order filed on December 30, 2021. Pursuant to Pennsylvania Rule of Appellate Procedure 1925, we would like to add the following:

### FACTUAL AND PROCEDURAL HISTORY

On or about January 21, 2020, Pike County Detective Christian P. Robinson ("Detective Robinson") coordinated a controlled purchase of heroin through a Confidential Informant ("CI") and an undercover law enforcement officer ("ULO") from Ricky Land ("Appellant") and Kaylynne Doran ("Doran"), the Appellant's paramour and mother of his minor child ("Controlled Purchase 1"). Through the CI, and with the assistance of Detectives Myers and Decker of the Port Jervis, New York, Police Department and the ULO, Detective Robinson conducted the controlled purchase of heroin at a public location in Westfall Township, Pike County, Pennsylvania. Doran arrived at the predetermined location in a blue Nissan Maxima operated by the Appellant. Doran exited the Maxima

and entered the rear passenger compartment of the vehicle operated by the ULO and occupied by the CI, after which the ULO observed the CI provide Doran with a specific amount of United States currency and Doran provide the CI with suspected heroin. Doran then exited the vehicle, returned to the Maxima, and departed the scene. Testing later confirmed that the substance provided by Doran was not heroin, but a mixture of cocaine and fentanyl.

On or about January 27, 2020, Chief Pike County Detective Michael Jones, with the assistance of Detective Decker, a CI and a ULO, coordinated a second controlled purchase from the Appellant and Doran at a predetermined location in Dingmans Township, Pike County, Pennsylvania ("Controlled Purchase 2"). After the Appellant contacted the CI by cellular phone to offer heroin for purchase, the ULO transported the CI to the predetermined location, where a blue Nissan had already arrived. The ULO then observed the CI enter the blue Nissan. The CI reported that a specific amount of United States currency was provided to the Appellant and the Appellant provided suspected heroin to the CI. The CI then exited the blue Nissan, returned to the ULO's vehicle, and together the CI and ULO departed the location. Testing later confirmed that the substance provided by the Appellant was heroin.

While on patrol in the early morning hours of October 10, 2020, Pennsylvania State Trooper Brendan O'Connor ("Trooper O'Connor") and his partner, Trooper Mikulak, observed a blue Chevrolet Trailblazer that appeared to be traveling faster than the posted speed limit ("Traffic Stop"). Shortly thereafter, the Trailblazer exited the westbound lanes of Interstate 84 onto State Route 6 northbound, disregarding a posted stop sign. After activating his emergency lights, Trooper O'Connor initiated a traffic stop. The sole

occupant of the vehicle was identified as Ricky Land ("Appellant") and appeared nervous. When asked about his apparent distress, the Appellant indicated he was stressed out by issues with the mother of his child. Trooper Mikulak, who had taken position on the passenger side of the Trailblazer indicated that the Appellant was attempting to conceal a bag apparently containing drugs behind his jacked in his right hand. The Appellant was then ordered to exit his vehicle, but as Trooper O'Connor attempted to detain him, the Appellant pulled away and attempted to flee the scene on foot. While in pursuit of the Appellant, Trooper O'Connor observed him discard a plastic bag containing a white substance into the woods. After the Appellant was subdued, a search discovered five (5) bundles of unstamped glassine bags containing suspected heroin/fentanyl and $2,254.00 in cash. After securing the Appellant in his patrol vehicle, Trooper O'Connor returned to the woods and recovered a clear plastic bag containing a baseball-sized rocky, white substance, like the item the Appellant was observed throwing into the woods while being pursued. After further investigation revealed that the Appellant's driving privileges were suspended, he was read Miranda Warnings and placed under arrest.

On March 22, 2021, the Appellant was charged in Criminal Information Number 52-2021 CR with two (2) counts of Possession with Intent to Manufacture or Deliver a Controlled or Counterfeit Substance[1], one (1) count of Tampering with or Fabricating Physical Evidence[2], one (1) count of Resisting Arrest or Other Law Enforcement[3], two (2) counts of Possession of a Controlled Substance[4], one (1) count of Possession of Drug

---

[1] 35 P.S. 780-113(a)(30), an Ungraded Felony.
[2] 18 Pa. C.S. 4910(1), a Misdemeanor of the Second Degree.
[3] 18 Pa. C.S. 5104, a Misdemeanor of the Second Degree.
[4] 35 P.S. 780-113(a)(16), an Ungraded Misdemeanor.

Paraphernalia[5], and three (3) Summary Offenses[6], all related to the Traffic Stop. On the same date, the Appellant was also charged in Criminal Information Number 53-2021 CR with one (1) count each Delivery of a Controlled or Counterfeit Substance[7] and Criminal Conspiracy to Commit Delivery of a Controlled or Counterfeit Substance[8]. The Commonwealth also filed a Rule 582(B)(1) Notice of Intent to consolidate the two matters for trial.

On April 20, 2021, the Appellant filed a counseled Omnibus Pretrial Motion. Following a series of continuances, a hearing on the Appellant's Omnibus Pretrial Motion was held on August 9, 2021. On December 30, 2021, the trial court issued an Order denying the Appellant's Omnibus Motion.

On September 9, 2022, after three (3) days of trial, the Defendant was convicted on counts 1-7 of Criminal Information Number 52-2021CR and count 2 of Criminal Information Number 53-2021CR. On November 4, 2022, the trail court found the Appellant guilty of all three (3) summary offenses listed in Criminal Information Number 52-2021CR and sentenced him to an aggregate of not less than one hundred eighty-three (183) months nor more than three hundred sixty-six (366) months incarceration with seven hundred eight (708) days credit for time served and twelve (12) months of Reentry Supervision.

On November 14, 2022, the Appellant filed a Motion for Reconsideration. A hearing was held on December 8, 2022, and the trial court denied the Motion on December

---

[5] 35 P.S. 780-113(a)(32), an Ungraded Misdemeanor.
[6] One count each, Driving While Operating Privilege is Suspended or Revoked (75 Pa. C.S.A. 1543(a)), Stop Signs and Yield Signs (75 Pa. C.S.A. 3323(b)), and Driving Vehicle at Safe Speed (75 Pa. C.S.A. 3361).
[7] 35 P.S. 780-113(a)(30), an Ungraded Felony.
[8] 18 Pa. C.S. 903(a)(1)/35 P.S. 780-113(a)(30), an Ungraded Felony.

12, 2022. On January 10, 2023, the Appellant filed a timely Notice of Appeal to the Superior Court. On February 1, 2023, the Appellant filed a Concise Statement of Errors Complained of on Appeal ("Concise Statement"), raising five (5) issues: whether the trial court erred in denying the Omnibus Pretrial Motion, whether the trial court erred in denying the motion to sever, whether the trial court erred by precluding evidence of the ongoing child custody action between the Appellant and Doran, whether the trial court abused its discretion in refusing to reconsider the sentence as related to Doran's perjured testimony, and whether the trial court abused its discretion by imposing an excessive sentence.

## STANDARD OF REVIEW

The standard of review of suppression matters is well-settled and limited to determining whether the record supports the factual findings of the suppression court and whether the legal conclusions drawn from those findings are correct. The reviewing court is bound by those factual findings of the suppression court which are supported by the record, but not by the legal rulings, which are reviewed *de novo*. Commonwealth v. James, 69 A.3d 180, 186 (Pa. 2013). The scope of review of a suppression decision is limited to the evidence presented at the suppression hearing. Commonwealth v. Neal, 151 A.3d 1068, 1071 (Pa. Super. 2016). The reviewing court should defer to the trial court, as the finder of fact, to pass on the credibility of witnesses and the weight to be afforded to their testimony. Commonwealth v. Elmobdy, 823 A.2d 180, 183 (Pa. Super. 2003).

Appellate review of a trial court's ruling on a motion to sever is subject to an abuse of discretion standard. Commonwealth v. O'Neil, 108 A.3d 900, 905 (Pa. Super. 2015). Review of a ruling on the admissibility of evidence is also subject to an abuse of discretion standard. Commonwealth v. Elliott, 80 A.3d 415, 446 (Pa. 2013). It is well settled that the

proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. Commonwealth v. Perry, 32 A.3d 232, 236 (Pa. 2011). An abuse of discretion is more than a mere error of judgment; the sentencing court does not abuse its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Id. Abuse may not be found merely because an appellate court might have reached a different conclusion. Id. Where an issue presents a question of law, an appellate court's scope of review is plenary and the standard of review is de novo. Id.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. Commonwealth v. Eline, 940 A.2d 421, 435 (Pa. Super. 2007). An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, bias or ill-will. Id.

## DISCUSSION

The Appellant raises five (5) issues for review. We will address each issue raised individually, *infra*.

### A. The Trial Court did not err by denying the Suppression Motion in the Order dated December 30, 2021.

On April 20, 2021, the Appellant filed a counseled Omnibus Pretrial Motion ("Omnibus Motion") containing a Petition for *Habeas Corpus,* a Motion to Suppress Physical Evidence Resulting from an Illegal Stop which Occurred on October 10, 2020, and Charged on Docket No. 52 of 2021, a Motion to Dismiss Docket Number 52 of 2021,

a Motion to Suppress Statements Obtained on October 10, 2020, Related to Docket No. 52 of 2021, and a Motion to Sever. Although the Appellant fails to identify which Motion to Suppress he challenges as an issue in his Concise Statement, we will address both and refer to them collectively as "Motions to Suppress". The question presented by the instant appeal is whether the trial court erred by denying the Motions to Suppress contained in the Omnibus Motion, when the Appellant avers that Pennsylvania State Troopers lacked sufficient legal justification to conduct a motor vehicle stop and failed to Mirandize the Appellant prior to conducting a custodial interrogation. Pursuant to the transcript of the August 9, 2021, Hearing on the Omnibus Motion, we find that the motor vehicle stop was supported by sufficient reasonable suspicion and that the Appellant signed a waiver. Therefore, we hold that the record is supported by factual findings and that the legal conclusions drawn therefrom are correct and that the trial court's December 30, 2021 Order denying the Motions to Suppress was not in error.

The standard of review in suppression matters is well-settled and limited to determining whether the record supports the factual findings of the suppression court and whether the legal conclusions drawn from those findings are correct. The reviewing court is bound by those factual findings of the suppression court which are supported by the record, but not by the legal rulings, which are reviewed *de novo*. Commonwealth v. James, 69 A.3d 180, 186 (Pa. 2013). The scope of review of a suppression decision is limited to the evidence presented at the suppression hearing. Commonwealth v. Neal, 151 A.3d 1068, 1071 (Pa. Super. 2016). The reviewing court should defer to the trial court, as the finder of fact, to pass on the credibility of witnesses and the weight to be afforded to their testimony. Commonwealth v. Elmobdy, 823 A.2d 180, 183 (Pa. Super. 2003).

Regarding the legality of the traffic stop of the vehicle operated by the Appellant, the Pennsylvania Vehicle Code states:

> Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa. C.S.A. 6308(b). Traffic stops based on a reasonable suspicion of either criminal activity or a violation of the Motor Vehicle Code, made under the authority of Section 6308(b), must serve a stated investigatory purpose. Commonwealth v. Feczko, 10 A.3d 1285, 1291 (Pa. Super. 2010). For a stop based on an observed violation of the Vehicle Code or an otherwise non-investigable offense, an officer must have probable cause to make a constitutional vehicle stop. Id. An officer has probable cause to stop a motor vehicle if he observes a traffic code violation, even if it is a minor offense. Commonwealth v. Harris, 176 A.3d 1009, 1019 (Pa. Super. 2017).

We are satisfied that the record in this matter supports the factual findings of the suppression court because the testimony provided by law enforcement at the hearing held on August 9, 2021, shows that they had sufficient legal justification to stop the Appellant's vehicle. Pennsylvania State Police Trooper Brendan O'Connor ("Trooper O'Connor") testified that he and his partner, Trooper Robert Mikulak, observed the Appellant's vehicle apparently speeding on Interstate 84 in the early hours of October 10, 2020. 08/09/2021 Transcript, p.6, ln.11 – p.9, ln.23. Trooper O'Connor further testified that he observed the Appellant's vehicle exit Interstate 84 without signaling and then fail to reach a complete stop at the end of the exit ramp in violation of a posted stop sign. Id. Additionally, Trooper

O'Connor testified that he observed the Appellant's vehicle drift over the fog line on multiple occasions while in pursuit. Id. In support of the testimony, the Commonwealth presented the MVR captured during the stop which shows the Appellant's vehicle cross the fog line more than once.

Trooper O'Connor's testimony shows that he had sufficient reasonable suspicion to stop the Appellant, as his vehicle was initially observed speeding on the highway. Assuming *arguendo*, that Troopers O'Connor and Mikulak did not have sufficient reasonable suspicion to stop the Appellant's vehicle for suspicion of speeding, they did have probable cause to conduct the stop after observing that vehicle disregard a stop sign and then drift across the fog line on more than one occasion. In fact, Trooper O'Connor specifically stated "It was at the point where the vehicle drifted so far over the right fog line, I knew I had to make a traffic stop right then and there in case the operator was impaired..." Id., p.10, ln.13-16. Taken in conjunction with the MVR presented by the Commonwealth, we are certain that the Appellant's vehicle was legally stopped and the record clearly supports the factual findings of the suppression court. We are therefore satisfied that the legal conclusions drawn from those findings are correct and that the suppression court was correct in denying the Appellant's Motion to Suppress Physical Evidence Resulting from an Illegal Stop.

As to the Appellant's Motion to Suppress Statements Obtained on October 10, 2020, we are similarly persuaded that the suppression court reached a proper conclusion. Initially, we note that Suppression of Statements was neither argued at the hearing on August 9, 2021, nor briefed by the Appellant in his court-ordered Brief of the remaining Omnibus Motion issues filed on September 16, 2021. As such, we are persuaded that the

suppression court reached an appropriate conclusion. However, we also note that testimony and evidence presented by the Commonwealth at the August 9, 2021, hearing shows that the Appellant was, in fact, Mirandized prior to making the statements at the Blooming Grove Barracks. Trooper O'Connor testified that he provided Miranda Warnings to the Appellant and the MVR recorded O'Connor doing so at approximately 25 minutes, 50 seconds of that recording.

We are satisfied that the record in this matter supports the factual findings of the suppression court and, therefore, that the legal conclusions drawn therefrom are correct. Accordingly, we hold that the trial court did not err in issuing our Order of December 30, 2021, and that the Appellant's Motions to Suppress were properly denied.

## B. The Trial Court did not abuse its discretion by denying the Motion to Sever in the Order dated December 30, 2021.

Appellate review of a trial court's ruling on a motion to sever is subject to an abuse of discretion standard. Commonwealth v. O'Neil, 108 A.3d 900, 905 (Pa. Super. 2015). An abuse of discretion is more than a mere error of judgment; a sentencing court does not abuse its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. Commonwealth v. Perry, 32 A.3d 232, 236 (Pa. 2011).

The question presented is whether the trial court abused its discretion by denying the Appellant's Motion to Sever when the acts alleged in Criminal Information Number 052-2021 occurred in January and February, 2020, that those alleged in Criminal Information Number 053-2021 occurred in October, 2020, when there is no connection between the acts alleged, and the Appellant was unduly prejudiced by trying the matters together. We find that the record fails to indicate that the judgment exercised was

manifestly unreasonable or the result of partiality, prejudice, bias, or ill will. Accordingly, we hold that the suppression court did not abuse its discretion in allowing the matters to be tried together.

The court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses of defendants being tried together. Pa. R. Crim. P. 583. The comment to Rule 583 indicates that a defendant may also request severance on the basis that the matters were improperly consolidated. The Pennsylvania Rules of Criminal Procedure allow joinder of separate Criminal Informations for purposes of trial if (a) the evidence of each offense would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion or (b) the offenses charged are based on the same act or transaction. Pa. R. Crim. P. 582(A).

Here, the Appellant does not allege improper joinder pursuant to Pa. R. Crim. P. 582. Rather, he asserts that the trial court abused its discretion in denying his Motion to Sever because he would be prejudiced if the matters were tried together, and the charged offenses occurred far apart in time. We disagree with the Appellant's assertions. Under Rule 583, the prejudice suffered by a defendant due to joinder must be greater than the general prejudice any defendant suffers when the Commonwealth's evidence links him to a crime. Commonwealth v. Dozzo, 991 A.2d 898, 902 (Pa. Super. 2010). Commonwealth v. Baker, 175 A.3d 1039 (Pa. Super. Ct. 2017). Here, the Appellant was charged with Delivery of a Controlled Substance in 52-2021 CR and Possession with Intent to Manufacture or Deliver a Controlled Substance in 53-2021 CR, but in each case, the controlled substance was alleged (and later confirmed) to be heroin. The suppression court

determined that the prejudice against the Appellant in trying his matters together was not sufficient to grant severance.

We also note that neither the Appellant, nor the Commonwealth offered any argument on the Motion to Sever at the August 9, 2021, hearing, but only that neither objected to the court deferring its decision to a later date. *See:* 08/09/2021 Transcript, p.31, ln.24 – p.32, ln.8. Since the Appellant ultimately dismissed his counsel and elected to proceed to trial *pro se*, we can only assume that his failure to address the Motion to Sever after the August 9, 2021, hearing was an oversight attributable solely to the Appellant and results in a waiver of this issue.

Accordingly, we find that the record fails to indicate that the judgment exercised by the trial court was neither manifestly unreasonable, nor the result of partiality, prejudice, bias, or ill will, and therefore hold that our Order of December 31, 2021, denying the Appellant's Motion to Sever was not an abuse of discretion.

C. **The Trial Court did not abuse its discretion by precluding the Appellant's questioning of a Commonwealth witness regarding his ongoing custody dispute with that witness for purposes of impeachment.**

The question presented is whether the trial court erred by precluding the Appellant's questioning of a Commonwealth witness regarding his ongoing custody dispute with that witness, even for the purported purpose of impeaching the Commonwealth witness. We find that the trial court did not abuse its discretion because the evidence offered by the Appellant was irrelevant to the matters being tried and the Appellant was unable to formulate appropriate questions.

Any party may attack a witness' credibility. Pa. R.E. 607(a). The credibility of a witness may be impeached by any evidence relevant to that issue. Pa. R.E. 607(b). All

relevant evidence is admissible except as otherwise provided by law. Pa. R.E. 402. Evidence that is not relevant is not admissible. Id. Evidence is relevant if (a) it has any tendency to make a fact more or less probable that it would be without the evidence; and (b) the fact is of consequence in determining the action. Pa. R.E. 401. The comment to Rule 401 indicates that the question of whether evidence tends to make a fact more or less probable is a determination made by the court considering the reason, experience, scientific principles, and other testimony offered in the case. The court may exclude relevant evidence if its probative value is outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Pa. R.E. 403. A witness's credibility may be attacked or supported by testimony about the witness' reputation for having a character for truthfulness or untruthfulness. Pa. R.E. 608.

We are persuaded that the trial court properly precluded testimony regarding the Appellant's ongoing child custody dispute because such evidence was not relevant in the Appellant's criminal trial for drug related offenses. On September 7, 2022, the first day of the Appellant's trial, the Commonwealth presented the testimony of Kaylynne Doran ("Doran"), the Appellant's paramour at the time of the alleged crimes and natural mother to a child born of that relationship. 09/07/2022 Transcript, p.150 – 168, ln.15 *and* 09/08/2022 Transcript, p.24, ln.18 – p.13, ln.33. On direct examination, the Commonwealth only mentioned the relationship between Doran and the Appellant to lay the proper foundation for additional testimony, none of which made any mention of the ongoing custody dispute between the parties. Rather, Doran's testimony was directly related to the offenses charged against the Appellant and her involvement therewith.

09/07/2022 Transcript, p.150 – 161, ln.3. Despite the limited scope of Doran's testimony, the Appellant, representing himself at this point in trial and with the assistance of standby counsel, made multiple attempts to solicit testimony from Doran regarding their personal relationship and their ongoing custody dispute for the purpose of challenging Doran's credibility. Id., p.162, ln.25 – p.163, ln.5. *See Also:* Id., p.163, ln.13-16; Id., p.163, ln.18-21; Id., p.164, ln.18-20. In particular, the following exchange is enlightening:

Q.              You testified that you have a serious drug addiction, wasn't our child, our daughter taken away from us by CPS because of that issue?

Mr. DeSarro:    Objection, Your Honor, relevance.

Mr. Land:       The relevance?

The Court:      Well, sustained I think you can pursue the issue of the custody case, but we're not going to try the custody case within this proceeding.

Mr. Land:       Can I state the relevance, Your Honor?

The Court:      No, I made my ruling you can ask your next question, sir.

Id., p.164, ln.18 – p.165, ln.5. Another exchange highlights the Appellant's inability to ask an appropriate question to challenge Doran's credibility:

Q.              Isn't it true that the Court awarded me legal custody of my daughter?

Mr. DeSarro:    Objection relevance.

Mr. Land:       Can I state the relevance, please?

The Court:      Sir, the only relevance that case may have is if you are alleging that the witness is providing testimony as some type of advantage to her in this case, so that will be the only relevance. Whether you have legal custody or not wouldn't be specifically relevant, so I'll sustain that objection.

| Mr. Land: | The relevance is that I filed charges against her for making false reports so her credibility is at issue here, so I need the jurors to know that this person has lied on me and will lie on me. |
|---|---|
| Mr. DeSarro: | I will object. |
| The Court: | You are making a statement, sir. I mean, there's ways of asking the questions and that will be your responsibility to frame the question appropriately and you'll be given a chance - - you are not required to as I indicated to the jury and certainly you were present - - you are not required to testify or present testimony in the case, but that certainly is a choice you have to make in your own case as well, so the objection to the specific question is sustained. |

Id., p.165, ln.14 – p.166, ln.15. While the Appellant avers his questions are appropriate to challenge Doran's credibility, the trial court made clear that the questions, as posed, were irrelevant. In accord with the Rules of Criminal Procedure, irrelevant evidence is inadmissible. Additionally, the trial court allowed the Appellant a great deal of flexibility in presenting cross examination and multiple opportunities to rephrase his questions to an acceptable format. Even so, the Appellant, who chose to proceed to trial *pro se* and with the assistance of standby counsel, was unable to ask an appropriate question involving his custody case which would properly challenge Doran's credibility.

Since the trial court's findings were based on the appropriate application of the Pennsylvania Rules of Criminal Procedure, we find that preclusion of the Appellant's questions regarding his ongoing custody dispute with Doran, even to challenge her credibility, was proper and neither manifestly unreasonable, nor the result of partiality, prejudice, bias, or ill will. Accordingly, we hold that the trial court did not abuse its discretion.

**D. The Trial Court did not abuse its discretion by refusing to reconsider the Appellant's sentence as relating to the [allegedly] perjured testimony of Kaylynne Doran.**

In his fourth issue raised on appeal, the Appellant alleges he was deprived of a fair trial because the Prosecutor failed to correct the perjured testimony of Kaylynne Doran ("Doran") and the trial court abused its discretion in refusing to reconsider the Appellant's sentence as it relates to that allegedly perjured testimony. For the reasons explained in Section C, *supra*, the Appellant's failure to present relevant evidence to the contrary at trial, and because the consecutive nature of the Appellant's sentences is discretionary with the sentencing court, we hold that the trial court did not abuse its discretion by failing to reconsider the allegedly perjured testimony of Doran in relation to the Appellant's sentencing.

Initially, we note the following exchange took place at trial on September 7, 2022:

Q:          Isn't it true I had to get my daughter back from the CPS, because you lost her because of your drug addiction?

Mr. DeSarro:   Objection relevance.

A:          No.

The Court:    Overruled, the witness answered.

09/07/2022 Transcript, p.165, ln.7-12. Further, we note that the Appellant never produced or entered any evidence that Doran's statements were false at the time of trial. We admit that on November 14, 2022, the Appellant filed a Motion to Reconsider Sentence ("Motion") wherein he alleged that the sentence imposed was excessive because the charges of Conspiracy relied almost entirely upon the allegedly perjured testimony of Doran. Motion, ¶¶6-9. Appellant further alleged that the District Attorney's Office was

in possession of the Order granting physical custody of the child to the Appellant because it was mailed to that Office as part of the Appellant's private Criminal Complaint against Doran and that the Prosecutor failed to correct this portion of perjured testimony, resulting in an excessive sentence imposed upon the Appellant. Motion, ¶¶10-12. We disagree with the Appellant's position.

We note that the trial court determined the line of questioning on custody proceedings was irrelevant prior to the above-quoted exchange. *See*: Section C, *supra*, *citing* 09/07/2022 Transcript, p.164, ln.18 – p.165, ln.5. The only reason Doran's denial was permitted by the trial court was because she answered the question before an objection could be raised and sustained. Since the testimony was permitted, however, the Appellant missed the opportunity to effectively challenge that testimony by producing the Custody Order to contradict Doran's statement.

Assuming *arguendo* the Appellant is correct and the prosecutor failed to correct the alleged perjured testimony of Doran, we are not persuaded that such correction would or should necessarily have altered the sentences imposed. Pennsylvania law is clear in that there is no absolute right to appeal the discretionary aspects of a sentence. Commonwealth v. Reyes, 853 A.2d 1052, 1055 (Pa. Super. 2004). A defendant cannot appeal as of right from the discretionary aspects of a sentence without first raising a substantial question as to whether the court properly considered the sentencing guidelines. Commonwealth v. Eline, 940 A.2d 421, 435 (Pa. Super. 2007). Here, the Appellant's Motion does not allege that the sentence imposed was not in accord with the guidelines, but that he should not have been sentenced consecutively on Court 2 of Criminal Information No. 53-2021 CR. However, a substantial question is generally not presented by challenges to consecutive

sentences or by claims that the trial court improperly discounted mitigating factors. *See:* Commonwealth. v. Johnson, 873 A.2d 704, 709 n.2 (Pa. Super. 2005); Commonwealth v. Lopez, 627 A.2d 1229, 1231-32 (Pa. Super. 1993). Therefore, the Appellant has no right to appeal the consecutive nature of his sentences based on the prosecutor's alleged failure to correct the allegedly perjured statements of Doran.

Accordingly, we find that the Appellant failed to show at trial that Doran provided perjured testimony and that allegedly perjured testimony has no effect on a discretionary aspect of sentencing regarding the consecutive nature of sentences imposed. Therefore, we hold that the trial court's sentence was neither manifestly unreasonable, nor the result of partiality, prejudice, bias, or ill will and not an abuse of discretion.

**E. The trial court did not abuse its discretion by imposing a sentence within the standard range of the Sentencing Guidelines and the discretion of the Court.**

The question presented is whether the trial court abused its discretion by imposing an excessive sentence when the sentence imposed for each of the Appellant's convictions were within the standard range of the sentencing guidelines. We find that the Appellant failed to raise a substantial question and therefore hold that the sentences imposed were not manifestly unreasonable or the result of partiality, prejudice, bias, or ill will.

There is no absolute right to appeal the discretionary aspects of a sentence. Commonwealth v. Reyes, 853 A.2d 1052, 1055 (Pa. Super. 2004). A defendant cannot appeal as of right from the discretionary aspects of a sentence without first raising a substantial question as to whether the court properly considered the sentencing guidelines. Eline, at 435. When a sentence lies within the statutory guidelines, excessiveness only qualifies as a substantial question when the sentence imposed is "so manifestly excessive as to constitute too severe a punishment." Commonwealth v. Mouzon, 812 A.2d 617, 624

(Pa. 2002). Similarly, a substantial question is generally not presented by challenges to consecutive sentences or by claims that the trial court improperly discounted mitigating factors. *See:* Commonwealth. v. Johnson, 873 A.2d 704, 709 n.2 (Pa. Super. 2005); Commonwealth v. Lopez, 627 A.2d 1229, 1231-32 (Pa. Super. 1993). When a substantial question is raised, the standard of review is well-settled: sentencing is a matter vested in the sound discretion of the trial court and will not be disturbed absent a manifest abuse of that discretion. The sentencing court has broad discretion in choosing the range of permissible confinements which best suits a particular defendant and the circumstances surrounding the crime(s). Commonwealth v. Hill, 2013 Pa. Super. 78, 11.

Here, the Appellant was sentenced to an aggregate sentence of not less than one hundred eighty-three (183) months nor more than three hundred sixty-six (366) months of incarceration with credit for seven hundred eight (708) days credit. For expediency, we hereby incorporate the Sentencing Order entered in the above-captioned matters on November 4, 2022, and the Guideline Sentencing Forms filed in the above-captioned matters on November 14, 2022, which indicate that the low end of each sentence imposed falls within the standard range of the guidelines. Additionally, the sentence imposed is unlikely to be considered "manifestly excessive" under the Mouzon standard because the sentencing guidelines were followed and because the sentencing court relied upon a presentence investigative report of the Defendant Ordered at the close of the trial. *See:* 09/09/2022 Transcript, p.89, ln.7-9.

We find that the Appellant's sentence is in accord with the appropriate sentencing guidelines and not manifestly excessive. We therefore hold that the Appellant failed to raise a substantial question, that the trial court's discretion was neither manifestly

unreasonable, nor the result of partiality, prejudice, bias, or ill will, and accordingly, the trial court did not abuse its discretion.

## CONCLUSION

After an extensive and thorough review of the record created in the above-captioned matter, we confirm our decisions and respectfully request the Superior Court affirm our Orders dated December 30, 2021, November 4, 2022, and December 12, 2022.

**BY THE COURT:**

**HON. GREGORY H. CHELAK**
**PRESIDENT JUDGE**

OFFICE OF
PROTHONOTARY
CLERK OF COURTS

2023 JUN -9 PM 12: 10

FILED FOR RECORD
PIKE COUNTY, PA

cc:    Justin Pfaff, Esq., *Office of the Public Defender of Pike County, Pennsylvania.*

      Ricky Land, *Defendant/Appellant (SCI – Huntingdon).*
      Office of the District Attorney of Pike County, Pennsylvania.
      Pike County Court Administration, *JC.*